CAROLYN EVANS, Plaintiff-Appellee, v. THE DEPARTMENT OF TRANSPORTATION *et al.*, Defendants-Appellants.

Fourth District   No. 4—92—0528

Argued June 16, 1993.—Opinion filed September 9, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General (argued), of Chicago, of counsel), for appellants.

John L. Swartz (argued) and David A. Herman, both of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In March 1992, the circuit court of Champaign County entered an order in favor of plaintiff, Carolyn Evans, and against defendants, the Illinois Department of Transportation (IDOT), John D. Kramer, Secretary of IDOT, and P.R. Engleberth, IDOT district engineer, pursuant to sections 4—211 and 4—210 of the Illinois Highway Code (Code) (Ill. Rev. Stat. 1985, ch. 121, pars. 4—211, 4—210), ordering IDOT to allow plaintiff full enjoyment and use of her property. Defendants appeal, contending (1) the circuit court lacked subject-matter jurisdiction to determine rights to an easement they hold, and (2) they did not deny reasonable access to plaintiff's property. Because we conclude that the circuit court exceeded its authority by entering the order in question, we reverse.

## I. FACTS

In 1946, the plaintiff's predecessor in title, Illinois Central Gulf Railroad Company, granted an easement "for public highway purposes" to IDOT's predecessor on land the railroad owned in Champaign County, Illinois, for an amount in excess of $4,000. The easement covered a 25-foot-wide strip of land bordering the eastern edge of Route 45 and apparently extended from at least Devonshire Drive on the north to Windsor on the south. The easement was subject to an express condition subsequent providing for reversion to the grantor if the land was abandoned or ceased to be used as a public highway.

In 1979 and in 1980, the railroad deeded the beneficial interest in eight parcels of property fronting on the east side of Route 45, each approximately 75 feet wide, to plaintiff's husband, Bill Evans, and John Frye (owners). All of the parcels were subject to the easement held by IDOT. Sometime after October 1, 1986, Route 45 was widened into a five-lane road and curbing was installed along its eastern edge. Except for the southernmost parcel, the widening project did not utilize any of the easement.

In 1982, as part of the process for obtaining a permit to give the owners access from their property to State highway Route 45, the owners sent IDOT copies of proposed plans to construct two driveways connecting two or more of the northernmost parcels with the highway. The site plans for the development of the property included the erection of a fence and the allocation of parking places within the easement area. On November 23, 1982, IDOT informed the owners it planned to retain its 25-foot permanent easement for highway purposes and that the easement had to be kept free of encroachments. It required (1) elimination of the proposed fencing and parking within the easement, (2) construction of curbing along the entire eastern edge of the easement with catch basins to retain storm-water runoff on the site, and (3) drainage calculations. IDOT also requested submission of driveway specifications and revised site plans. The owners subsequently sent IDOT detailed specifications and dimensions for the proposed driveways, storm sewers, and catch basins, but did *not* submit a revised site plan or drainage calculations. On April 18, 1983, IDOT advised the owners that it still required drainage calculations and an approved site plan before it could approve highway access to Route 45.

In August 1983, the owners wrote to the Secretary of IDOT, claiming that IDOT's rights to the easement had reverted to the owners because the easement had not been used for highway pur-

poses since its grant in 1946. The owners further informed IDOT that they intended to exercise control over the reverted strip immediately. The State's Attorney of Champaign County then informed the owners that the easement had not reverted and that allowance of any encroachment in the form of access to the highway would require compliance with the Code. In 1984, a meeting was held between the owners and representatives of IDOT during which IDOT again indicated that no use of the easement would be permitted other than for access to the highway.

In October 1986, the owners filed the complaint herein purporting to bring an action pursuant to section 4—211 of the Code. The owners requested an order granting them reasonable ingress to and egress from their property and also access *to use the 25-foot easement area*. At some point in the proceedings, the owners advised the court that Carolyn Evans had become the sole owner of the property. At the request of Carolyn Evans and the owners, and with the consent of all the parties, Carolyn Evans has been substituted as the sole party plaintiff.

In March 1992, the circuit court entered an order containing the following relevant findings of fact: (1) IDOT obtained an easement in 1946 over the west 25 feet of the eight parcels subsequently purchased by plaintiff's predecessors in title, subject to an express condition subsequent and reverter; (2) when plaintiff's husband and John Frye bought eight parcels of land for $26,500, they were all part of an unimproved ditch with a bottom 15 feet below the highway level, with both sides of the ditch sharply sloping to the center; (3) plaintiff's husband and Frye expended over $50,000 tiling and filling the drainage ditch, which defendant IDOT knew of as early as 1982; (4) the plaintiff served notice upon the defendants regarding reverter of the 25-foot easement area; (5) the reverter was automatic on failure either to use the premises or to cease using the strip for highway purposes; (6) a dispute existed between plaintiff and defendant concerning IDOT's denial of plaintiff's use of the 25-foot easement area for parking and its request for a design that isolates and prevents any use of the easement except to cross it to reach the remainder of plaintiff's property; (7) plaintiff had been denied the opportunity to develop her property because use of the 25-foot strip is critical to such development, and defendant refused to issue entrance permits unless the plaintiff agreed to design the entrances in such a manner that she will not make any use of the 25-foot strip except to cross it; (8) IDOT's denial of access to plaintiff's property and allowance of other property owners immediately

north of the plaintiff's property to use the same area "is not reasonable use, ingress and egress"; (9) defendants' refusal to issue driveway permits unless their demands were met prevented reasonable use and improvement of the property in question; (10) denial of access to the property arose not only from IDOT's demand for compliance with the conditions stated in its 1982 letter, but also "the ultimate construction of a curbing the entire length of plaintiff's property[,] which prevents any access to the property"; and (11) IDOT's denial of access to the property arose from its refusal to allow a reasonable access to all of plaintiff's property. Relative to these findings, the court ordered defendants "to allow the plaintiff full enjoyment and use of her property, including the twenty-five (25) foot easement, without a curbing requirement."

## II. ANALYSIS

■ IDOT contends that pursuant to section 1 of "An Act in relation to immunity for the State of Illinois" (Immunity Act) (Ill. Rev. Stat. 1985, ch. 127, par. 801), the circuit court lacked subject-matter jurisdiction over the instant cause of action, which plaintiff could bring only in the Court of Claims. With exceptions not relevant here, section 1 of the Immunity Act provides "the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1985, ch. 127, par. 801.) Where the property of the State is involved, the State is directly and adversely affected, and the action will be held to be one against the State. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977.) In *Sass*, the supreme court held that the question of whether the State had abandoned an easement necessarily affected an interest in property conveyed to and vested in the State; accordingly, the action could not be maintained in any court except the Court of Claims (see *Sass*, 72 Ill. 2d at 492-93, 381 N.E.2d at 977-78; Ill. Rev. Stat. 1991, ch. 37, pars. 439.1 through 439.24—9). When a case involves the determination of ownership of property in which the State of Illinois claims an interest, the Immunity Act will bar its commencement in the circuit court. *Marriott Corp. v. Department of Transportation* (1989), 186 Ill. App. 3d 167, 170-72, 542 N.E.2d 163, 164-66 (the circuit court lacked authority to order IDOT to issue plaintiff a permanent permit allowing access to a State road).

Plaintiff does not contest the principle that suits against the State of Illinois affecting an interest in property must generally be brought in the Court of Claims, but points to sections 4—211 and 4—210 of the Code as an express instance in which the Illinois Gen-

eral Assembly permits the circuit court to review IDOT actions which adversely affect a property owner's access to State highways. Section 4—211 of the Code reads as follows:

"Any person adversely affected by any rule, regulation, specification or decision of the Department issued pursuant to Sections 4—209, 4—210 or 4—211 or by any failure of the Department to act upon an application for a permit thereunder shall be entitled to judicial review or appeal under any statutory, equitable or common law, made [sic] of review or appeal. The action for review or appeal may be commenced in and the issues shall be tried de novo by the circuit court of the county in which the subject matter is located." (Ill. Rev. Stat. 1985, ch. 121, par. 4—211.)

Section 4—210 of the Code provided:

"[E]very owner or occupant of property abutting upon any State highway shall have reasonable means of ingress from and egress to the State highway consistent with the use being made of such property and not inconsistent with public safety or with the proper construction and maintenance of the State highway for purposes of travel, drainage and other appropriate public use. The Department is authorized to adopt and to amend reasonable and necessary rules, regulations and specifications covering standard entrance or exit driveways *** abutting upon State highways including specifications for drainage and other structures appurtenant to such driveways." (Ill. Rev. Stat. 1985, ch. 121, par. 4—210.)

Initially, we note that subject-matter jurisdiction, except in administrative review, is conferred upon the circuit court by our constitution and not by any statute or pleading. (In re M.M. (1993), 156 Ill. 2d 53, 63-64.) The 1970 Constitution provides: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Pursuant to its constitutional authority, the legislature enacted the Immunity Act the substantive effect of which is to reinvigorate the concept of sovereign immunity. To the extent that sections 4—211 and 4—212 permit a litigant to proceed against the department, the legislature is not "giving subject-matter jurisdiction" to the circuit court. Instead, it is removing an impediment created by the Immunity Act to the natural assumption of jurisdiction over a justiciable matter by the circuit court which our constitution permits because it has abolished sovereign immunity. When the legislature so determines, however, the circuit's power to act is, nevertheless, controlled by

the statute and the court is governed by the rules of limited jurisdiction. Courts exercising jurisdiction over such matters must proceed within the strictures of the statute. *M.M.*, 156 Ill. 2d at 69.

■ Section 4—211 of the Code authorized circuit court review of IDOT decisions or specifications issued under section 4—210 of the Code regarding a property owner's means of ingress to and egress from property abutting a State highway. Section 4—211 of the Code is, therefore, a limited exception to the State's immunity under section 1 of the Immunity Act, and the circuit court has jurisdiction to determine whether restrictions on a property owner's access to a State highway are reasonable. See *Devon Bank v. Department of Transportation* (1981), 95 Ill. App. 3d 690, 695-97, 420 N.E.2d 605, 609-10.

In *Ryan v. Rosenstone* (1960), 20 Ill. 2d 79, 82, 169 N.E.2d 360, 362, the supreme court determined that a property owner whose land abuts a public street or highway has a right of access pursuant to section 4—210 of the Code, which right may be subject to reasonable regulation or restrictions. The reasonableness of the restriction or regulation is to be tested against the surrounding circumstances in light of the purpose to be accomplished by the restriction. *Ryan*, 20 Ill. 2d at 82-83, 169 N.E.2d at 362.

Despite the fact the circuit court has jurisdiction to resolve a claim brought under sections 4—210 and 4—211 of the Code, the relief which a court may properly grant is limited and cannot exceed that which is expressly circumscribed by the statute. (*M.M.*, 156 Ill. 2d at 69-70.) Plaintiff claims that the circuit court determined the reasonableness of IDOT's ingress and egress restrictions, including access to the easement, pursuant to sections 4—210 and 4—211 of the Code, rather than resolving any question of the State's interest in property.

■ This argument is disingenuous. It is clear that the scope of the relief ordered ("full enjoyment and use" of the 25-foot easement) goes beyond the restrictions on ingress and egress reviewable under section 4—211 of the Code. Moreover, the allegations of the complaint focus not on any restrictions imposed on ingress or egress from the State highway but on IDOT's (1) refusing to allow construction of commercial development *within the easement,* and (2) requiring that such area be isolated from the remainder of the property by the installation of curbing. Plaintiff's contention that unreasonable restrictions were placed on the use of IDOT's easement necessarily entails a determination affecting the State's interest in the property rights it had purchased from the railroad. Even

before this court on appeal, plaintiff continues to argue that the evidence was sufficient for the circuit court to determine that restrictions on plaintiff's *use of the 25-foot strip* were unreasonable, that the State had abandoned its rights to the strip under the terms of the reverter in the original easement grant, and that there exists no highway or other purpose that would restrict plaintiff's use of the easement. None of these issues was properly before the circuit court.

Because section 4—210 of the Code refers only to issues relating to access to State highways and not to use of contiguous property in which the State holds an interest, any evidence as to the State's lack of use of its easement for highway purposes or treatment of other property owners burdened by similar easements was extraneous to the question of the reasonableness of IDOT's specifications for construction of a driveway across the easement linking the remainder of plaintiff's property with the highway. The circuit court was without jurisdiction to order defendants to allow plaintiff "full enjoyment and use" of the easement because this determination affected an interest in property conveyed to and vested in the State of Illinois.

Moreover, we note that section 4—211 of the Code has been amended to provide that any person adversely affected by a decision or by IDOT's failure to act on an application for a permit under sections 4—209 to 4—211 of the Code (see Ill. Rev. Stat. 1991, ch. 121, pars. 4—209 through 4—211) is entitled to judicial review under the provisions of the Administrative Review Law (see Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). (Pub. Act 85—559, eff. September 18, 1987 (1987 Ill. Laws 2451, 2452).) While the prior *de novo* standard applied to the instant action, a specification, decision or failure to act by IDOT was clearly requisite to invoking circuit court review. Section 4—210 of the Code authorizes IDOT to adopt specifications for drainage appurtenant to highways. In November 1982, IDOT requested revised site plans and drainage calculations in connection with plaintiff's predecessors' application for permit. As far as the record shows, neither plaintiff's predecessors in title nor plaintiff has provided these items. We hold section 4—211 is not intended to provide relief either to those who would use it as a vehicle to adjudicate the State's land rights, or to those who would use it to bypass IDOT permit procedures and requirements. Plaintiff and her immediate predecessors in title have chosen, since November 1982, not to respond further to IDOT in the permit application process, but to stand adamant on their plans for use of the

easement. This case therefore constitutes a land dispute and is not a proper case for resolution under section 4—211 of the Code.

Accordingly, the order of the circuit court is reversed.

Reversed.

KNECHT and LUND, JJ., concur.