CAROLYN C. EVANS, Plaintiff-Appellant, v. KIRK BROWN, Secretary of the Department of Transportation, Defendant-Appellee.

Fourth District   No. 4—94—0209

Argued September 20, 1994.—Opinion filed November 8, 1994.

Arnold F. Blockman (argued), of Hatch, Blockman, McPheters & Lyke, of Champaign, and William J. Evans, of Savoy, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, So-

licitor General, and Jan E. Hughes, Assistant Attorney General (argued), of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff filed a complaint for a writ of *mandamus* seeking to compel the Secretary of the Illinois Department of Transportation to initiate condemnation proceedings for the alleged taking of her property located in Champaign County. The trial court dismissed for lack of jurisdiction, declaring the Court of Claims had proper jurisdiction. Plaintiff appeals, and we affirm.

The following facts are not in dispute. Sometime in 1980 or earlier, plaintiff purchased a 75- by 1,507-foot strip of land stretching over eight parcels adjacent to the east side of Neil Street in Champaign, Illinois. The westernmost 25 feet of this strip, immediately adjacent to Neil Street, are subject to an easement "for highway purposes only," granted to defendant in 1946 and which contains a condition subsequent and reverter in case of "non-use, or nonhighway use or if used for any other purposes."

On June 23, 1992, plaintiff filed a complaint for a writ of *mandamus* seeking to compel the Secretary of the Illinois Department of Transportation to initiate condemnation proceedings for the alleged "taking" of some or all of the 25-foot strip. On July 27, 1992, defendant filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1992)), claiming the action was barred by the doctrine of sovereign immunity. After receiving arguments, the trial court dismissed the complaint for a writ of *mandamus* and gave plaintiff 14 days to file an amended complaint. Plaintiff filed an amended complaint for writ of *mandamus* on December 13, 1993.

In the amended complaint, plaintiff alleged the 25-foot strip was subject to an easement granted the defendant and contained a reverter in case of nonuse or nonhighway use or if used for any other purpose. Plaintiff also alleged plaintiff "served notice upon Defendant regarding the reverter of the twenty-five (25) foot easement area on August 12, 1983." Plaintiff then alleged defendant had "taken," under both the Illinois and Federal Constitutions, some or all of the 25-foot strip by installing a turning lane, a concrete culvert, an eight-foot-diameter concrete base, and a drainage system for "non-highway use" on the property in question. Plaintiff also alleged defendant had "taken" some or all of the 25-foot strip by denying plaintiff access to the property, by refusing to grant plaintiff entrance permits, by denying plaintiff the use of the property and the right to develop the property, by curbing the entire length of the strip, by removing

plaintiff's drain tile and replacing it with defendant's drain tile, and by allowing the Illinois Power Company to install and maintain guy wires along and across the 25-foot strip since 1955.

On January 6, 1994, defendant again filed a motion to dismiss under section 2—619 of the Code, alleging "because the easement is held by the State, there is no jurisdiction in the Circuit Court for a mandamus action," and "the Illinois Court of Claims has exclusive jurisdiction over all claims against the State of Illinois." After receiving arguments, the trial court dismissed plaintiff's action with prejudice on February 1, 1994, for lack of subject-matter jurisdiction. Plaintiff appeals on the issue whether the circuit court has subject-matter jurisdiction in a case where the plaintiff alleges a taking of property, but the State claims record title to an easement in the property.

██ The 1970 Illinois Constitution abolished sovereign immunity: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, § 4.) Under this authorization, the General Assembly has provided in the State Lawsuit Immunity Act:

> "Except as provided in the 'Illinois Public Labor Relations Act', enacted by the 83rd General Assembly, or except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." (745 ILCS 5/1 (West 1992).)

Section 8 of the Court of Claims Act (Act) provides:

> "The [C]ourt [of Claims] shall have exclusive jurisdiction to hear and determine the following matters:
>
> (a) All claims against the state founded upon any law of the State of Illinois ***." (705 ILCS 505/8 (West 1992).)

The Illinois Supreme Court has set forth guidelines to determine whether a claim is one against the State:

> "[T]he determination of whether or not the State is a party to a suit is not one of formal identification of the parties as they appear in the record, but instead depends upon the issues involved and the relief sought. *** 'Since the property of the State is involved, the State is directly and adversely affected by the suit' and the action must be held to be one against the State. [Citation.]

> * * *

> While legal official acts of State officers are in effect acts of the State itself, illegal acts performed by the officers are not, and when a State officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, a

suit may be maintained against the officer and is not an action against the State of Illinois." *Sass v. Kramer* (1978), 72 Ill. 2d 485, 490-92, 381 N.E.2d 975, 977.

No matter whom plaintiff has named as defendant, the outcome of this case hinges on whether plaintiff is seeking redress for illegal acts by State officers, or whether plaintiff is seeking merely to adjudicate a land claim against the State of Illinois. If it is the former, the circuit court has jurisdiction. If it is the latter, only the Court of Claims has jurisdiction. The issue in this case is somewhat more complex because a hybrid situation has occurred where the plaintiff has both alleged a taking *and* has challenged the State's ownership of a property interest in land. A brief outline of the relevant cases will be presented before the parties' arguments concerning those cases are discussed.

In *Sass*, the plaintiff claimed the State had abandoned an unused highway easement on the plaintiff's property. Plaintiff sought to quiet title to the land. The court held the litigation at issue "necessarily involved and affected an interest in property which had been conveyed to and vested in the People of the State of Illinois," and as such the circuit court did not have jurisdiction. *Sass*, 72 Ill. 2d at 491, 385 N.E.2d at 977.

In *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, 457 N.E.2d 403, the plaintiff claimed ownership of State-owned land by adverse possession. The State had built an approach to a bridge on the land in question, and the plaintiff sought a writ of *mandamus* to compel the State to initiate condemnation proceedings. The court held:

> "Since the State acquired the property by quitclaim deed, it is clear that the Court of Claims, and not the circuit court, had jurisdiction. *** We need not reach the question of whether a different result would obtain if the State were not the actual owner of the property." *Gordon*, 99 Ill. 2d at 47, 457 N.E.2d at 405.

In *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863, the plaintiff sought a writ of *mandamus* to compel the Director of the Illinois Department of Conservation to initiate condemnation proceedings on part of the plaintiff's lakefront property which the State had intentionally flooded. The State claimed it had an irrevocable license to flood a portion of the plaintiff's property as part of a lake expansion project. The court distinguished both *Sass* and *Gordon*:

> "[B]oth *Sass* and *Gordon* involved real estate in which record title was vested in the State of Illinois. *** In the instant case, record title has continuously been held by plaintiff and its predecessors in title. Further, there has been a physical invasion and taking of

the property in question." (*Herget*, 105 Ill. 2d at 409-10, 475 N.E.2d at 865.)

Although admitting the determination of the issue involved the rights of the State, the court believed under article I, section 15, of the 1970 Illinois Constitution (Ill. Const. 1970, art. I, § 15), the plaintiff was accorded the right to a jury by its peers on the taking issue. This right could be provided only by the circuit court, not the Court of Claims. Because the cause of action was based on the Director's violation of the Constitution, the cause of action was not against the State, and so the circuit court had jurisdiction.

Justice Goldenhersh, joined by Justices Clark and Ward, dissented, believing only the Court of Claims had jurisdiction because the issue presented was the *nature* of the State's interest in the property—whether the State possessed an irrevocable license to flood plaintiff's land. *Herget*, 105 Ill. 2d at 412-14, 475 N.E.2d at 866-67 (Goldenhersh, J., dissenting, joined by Clark, C.J., and Ward, J.).

After *Herget*, the appellate court has at least on one occasion considered a similar issue. In *Marriott Corp. v. Department of Transportation* (1989), 186 Ill. App. 3d 167, 542 N.E.2d 163, the plaintiff sought a writ of *mandamus* to compel the Illinois Department of Transportation (IDOT) to allow use of the plaintiff's access to its property bordering an intersection. The State claimed it, not the plaintiff, owned the right of access to the parcel under a prior deed. The court found *Sass* and *Gordon* controlling, and distinguished *Herget* because the license at issue in that case was not claimed pursuant to a written instrument of conveyance.

Also of relevance is *Patzner v. Baise* (1990), 133 Ill. 2d 540, 542, 552 N.E.2d 714, 715, in which the plaintiff claimed IDOT machinery blocking access to the plaintiff's office parking lot constituted a "taking." The court held a "taking" compensable through eminent domain proceedings must involve an actual physical taking of the property. A loss or impairment of access to property constitutes only a "damaging," and the Court of Claims is the proper forum for property owners whose property has been damaged but not taken. (*Patzner*, 133 Ill. 2d at 543, 552 N.E.2d at 715.) The court distinguished *Herget* because, in that case, there had been an actual "taking." *Patzner*, 133 Ill. 2d at 548-49, 552 N.E.2d at 718.

Last of relevance is this court's decision in *Evans v. Department of Transportation* (1993), 251 Ill. App. 3d 440, 622 N.E.2d 444. In that case, involving the same parties and the same land as the present dispute, the plaintiff, Evans, claimed the circuit court had jurisdiction because section 4—211 of the Illinois Highway Code (Highway Code) (Ill. Rev. Stat. 1985, ch. 121, par. 4—211) authorized circuit

court review of IDOT decisions concerning a property owner's rights of ingress and egress from property abutting a State highway. This court reversed the circuit court's holding granting plaintiff "full use and enjoyment" of the 25-foot easement, because the circuit court's order was beyond the scope of review under the Highway Code. Furthermore, this court emphasized section 4—211 of the Highway Code was not intended to be used "as a vehicle to adjudicate the State's land rights." *Evans*, 251 Ill. App. 3d at 447, 622 N.E.2d at 449.

In issuing its ruling in the present case, the trial court cited, without discussion, *Sass, Marriott, Patzner*, and *Evans*. The trial court then dismissed the amended complaint pursuant to a motion to dismiss under section 2—619 of the Code.

> "If a cause of action is dismissed during hearing on a section 2—619 motion on the pleadings and affidavits, the question on appeal is whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law." *Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 494.

Plaintiff argues *Patzner* controls because that case stands for the proposition when property is actually "taken," the circuit court has jurisdiction. However, *Patzner* did not involve a dispute between the plaintiff and the State over an interest in the property allegedly taken and, therefore, does not control.

Plaintiff next argues *Herget* controls, because *Herget* reaffirmed her constitutional right to a trial by jury in a "taking" action, a right which can be provided only by the circuit court. Plaintiff also emphasizes *Herget* made clear when a State officer does not act pursuant to his or her lawful authority, the action lies against the officer, not the State, and the circuit court has jurisdiction. Plaintiff claims the Secretary of IDOT is acting in violation of law in the present case and, therefore, the circuit court has jurisdiction. However, *Herget* expressly declared the basis for its holding was the State did *not* have record title to the property at issue. This is unlike the current situation, where the State has record title to the easement in question. As such, *Herget* does not control.

Turning to defendant's arguments, defendant argues *Sass* and *Marriott* control because in those cases, as here, the State claimed an interest in the property in question. However, unlike the case at hand, no "taking" was alleged in either *Sass* or *Marriott*, and so those cases do not control.

Defendant next argues *Evans* controls, because, as in that case, plaintiff is seeking to evade settlement of her land dispute with the State in the Court of Claims merely by characterizing her dispute as some other cause of action. However, *Evans* did not involve an alleged taking, so *Evans* does not control.

Defendant finally argues *Gordon* controls. Like the hybrid situation here, where the plaintiff is both alleging a "taking" and disputing a property interest owned by the State, *Gordon* involved both a "taking" claim and a dispute over property in which the State had record title. In *Gordon*, the court found the circuit court lacked jurisdiction to consider plaintiff's complaint for *mandamus*.

■ Defendant is correct: *Gordon* controls. Plaintiff's "taking" allegations are premised, in large part, on the reversion of the easement owned by the State. Regardless of the number of alleged "takings" premised on the reversion of the easement, resolution of the easement's ownership is a necessary prerequisite to adjudicating at least some of plaintiff's "taking" allegations. Resolution of the easement's ownership involves adjudication of a property interest of the State and, therefore, directly and adversely affects the State. In other words, the State is the real party in interest, and so the Court of Claims has exclusive jurisdiction pursuant to the Act.

Plaintiff attempts to distinguish *Gordon* because, in that case, the State was the fee owner of the property in question, whereas here the State asserts only an easement interest in land and plaintiff owns the fee interest. However, none of the relevant precedents have premised their holdings on, or even discussed the possibility of, a jurisdictional distinction between the State having record title in an easement and the State having record title in fee. Plaintiff points out *Gordon* noted its result might have been different if the State did not own the property in question. However, this simply means the result in *Gordon* might have been different if the State owned *no* title of record in the property at issue—neither title in fee, title in an easement, nor title in any other interest in land.

Plaintiff also fails to provide a policy argument why a distinction between fee and easement interests should be created for jurisdictional purposes. This failure is not surprising. Such a distinction would in effect create either a categorization of State property interests which would render jurisdiction to the Court of Claims, or a balancing test: If the plaintiff in a "taking" action could claim a "greater" interest in the property at issue than the interest the State claimed in that property, then the circuit court would have jurisdiction. Either rule that would result from plaintiff's proposed distinction has no foundation in law or policy.

Plaintiff finally argues the trial court need determine only the *scope* of the easement in question, not its *ownership*, to determine whether a "taking" has occurred by the State exceeding the permissible scope of the easement. Thus, plaintiff asserts, the circuit court has jurisdiction. However, even if plaintiff concedes ownership

of the easement and challenges only the scope of the easement, the extent of the State's interest in a 25-foot strip of land will still be at issue. In other words, the State is directly and adversely affected by a suit involving the adjudication of the scope of an easement in which the State holds record title. Therefore, the Court of Claims has exclusive jurisdiction regardless of whether plaintiff is challenging the ownership *or* scope of an easement in which the State has record title.

Defendant is entitled to judgment as a matter of law. The trial court's decision dismissing plaintiff's action for lack of subject-matter jurisdiction is affirmed.

Affirmed.

McCULLOUGH, P.J., and COOK, J., concur.