THE VILLAGE OF RIVERWOODS, Plaintiff-Appellant, v. BG LIMITED PARTNERSHIP *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—93—1964, 1—94—0463 cons.

Opinion filed December 1, 1995.

Jack M. Siegel, of Altheimer & Gray, of Chicago, for appellant.

Watson B. Tucker and George J. Tzanetopoulos, both of Mayer, Brown & Platt, of Chicago, for appellee BG Limited Partnership.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellee Department of Transportation.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

The plaintiff, Village of Riverwoods, filed a complaint alleging trespass by the defendants, BG Limited Partnership (BG) and Illinois Department of Transportation (IDOT), as they began construction work on land allegedly owned by the plaintiff. Plaintiff also requested a declaratory judgment that the defendants had no authority to continue their construction, and plaintiff asked for an injunction to stop all construction and restore any disturbed property. IDOT filed a

motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), contending that the circuit court lacked subject matter jurisdiction over IDOT. IDOT submitted public records showing that the State had been granted a right-of-way for the land at issue, and IDOT claimed that the circuit court had no jurisdiction to adjudicate the State's property rights as to the disputed land. The trial court granted the motion, and plaintiff's appeal of that order is appeal No. 1—93—1964. BG subsequently filed its own section 2—619 motion to dismiss, claiming that IDOT was a necessary party to the action. The trial court granted the motion, and we have consolidated plaintiff's appeal of that order, appeal No. 1—94—0463, with plaintiff's previous appeal.

On April 23, 1993, plaintiff filed a complaint against the defendants for declaratory judgment and an injunction. On April 30, 1993, the plaintiff filed an amended complaint which added count II, alleging trespass by the defendants. Plaintiff stated that IDOT approved a permit for construction to add a right-turn lane on Illinois State Highway 21 in Lake County, Illinois, where the highway is named Deerfield Road. For both counts, the complaint alleged:

"That said permit on its face purports to grant authority for the widening of a portion of Deerfield Road located within the Village of Riverwoods. That fee simple title to the land underlying said proposed widening is vested in the Village of Riverwoods and other parties and is not vested in the State of Illinois. That the present use of Deerfield Road is at best a common law easement for road purposes only and any interest of the State of Illinois is confined to the present contours of said road. That the State of Illinois through the defendant, Illinois Department of Transportation, is thus without authority to permit the defendant, BG Limited Partnership *** to utilize property owned by the Village of Riverwoods or any portion of the area adjacent to the boundaries of Deerfield Road as they existed prior to the issuance of said permit."

In count I, plaintiff requested a declaratory judgment that the defendants had no authority to continue their construction and asked for an injunction to stop all construction and restore any disturbed property. In count II for trespass, plaintiff requested that the defendants cease and desist the use and occupation of the plaintiff's property without authorization by the plaintiff.

IDOT filed a motion to dismiss pursuant to section 2—619 on May 4, 1993. The motion claimed that sovereign immunity barred the action, citing several cases to state that "the Illinois Supreme Court has ruled that the Circuit Courts have no jurisdiction to adjudicate the property rights of the Department of Transportation."

The motion concluded, "The State's property rights in the disputed highway property at issue in this case cannot be adjudicated in this Court, nor can other relief be awarded against the Illinois Department of Transportation." On May 5, 1993, IDOT submitted a trial memorandum which contained a copy of a 1929 deed, with the copy certified by the recorder of deeds for Lake County. The 1929 deed granted a right-of-way for a public highway 66 feet in width. IDOT also submitted copies of the statutes applicable to the 1929 deed and claimed, "These exhibits show that there is no defect or flaw in the State's right to use the entire 66 foot right of way for highway purposes. All that was required for a statutory dedication of the entire 66 foot right of way was provided in 1929."

BG filed its answer to the complaint on May 4, 1993. On May 5, 1993, pursuant to section 2—619, BG joined IDOT's motion to dismiss. BG claimed:

"[B]ecause granting relief against BG would require a determination of the State's interest in the right of way in dispute, if IDOT is dismissed, the action cannot proceed against only BG. *** [A]ny adjudication against BG would materially affect the State's interest in this property. Under general rules of joinder, IDOT is a necessary party, without whom the Court cannot proceed."

On May 5, 1993, the plaintiff filed a brief in support of its amended complaint. Plaintiff argued that the State's right-of-way extended only to Deerfield Road's existing width of 24 feet. The plaintiff stipulated that the grantors in the 1929 documents intended to donate a right-of-way 66 feet in width. However, plaintiff claimed, "The prior pattern of existing use precisely defines the width of the right of way."

The trial court granted IDOT's motion to dismiss on May 7, 1993, and dismissed IDOT with prejudice. The court also granted BG's motion to dismiss, without prejudice, and gave the plaintiff 30 days in which to file an amended complaint. Plaintiff filed a notice of appeal on May 27, 1993, appeal No. 1—93—1964, as to the part of the order granting IDOT's motion to dismiss with prejudice.

Plaintiff filed its second amended complaint against BG on June 3, 1993. The complaint contained two counts. Count I sought an injunction against all construction and a declaration that "BG has no authority to carry out that portion of work now underway." Count II sought damages for trespass.

On September 15, 1993, BG filed a motion to dismiss pursuant to section 2—619, again contending that the State would be directly and adversely affected by the relief sought by the complaint. The trial court granted the motion on December 23, 1993, stating that "the

Court feels that it would be necessary to join the State of Illinois in the second amended complaint as a necessary party since it would not be bound by a determination in this court unless it were a party." The order granting BG's motion to dismiss was entered on January 3, 1994. Plaintiff's appeal of that order, appeal No. 1—94—0463, was filed February 2, 1994. On March 22, 1994, this court granted BG's motion to consolidate the plaintiff's appeals.

ANALYSIS

I

Addressing the appeal of the order dismissing IDOT, the trial court held that because of sovereign immunity, it lacked jurisdiction of the subject matter of the action pursuant to section 2—619(a)(1). (735 ILCS 5/2—619(a)(1) (West 1992).) The standard of review for a dismissal based on section 2—619 is *de novo*. (*Griffin v. Universal Casualty Co.* (1995), 274 Ill. App. 3d 1056, 1063, 654 N.E.2d 694; *Kedzie & 103rd Currency Exchange, Inc. v. Hodge* (1993), 156 Ill. 2d 112, 116, 619 N.E.2d 732.) For purposes of the motion to dismiss, the complaint should be dismissed only if there exists no set of facts which could entitle the plaintiff to recover, and the motion admits all facts well pleaded in the plaintiffs' complaint. *Jackson v. Shell Oil Co.* (1995), 272 Ill. App. 3d 542, 546, 650 N.E.2d 652; *Cruz v. Illinois Masonic Medical Center* (1995), 271 Ill. App. 3d 383, 384, 648 N.E.2d 934.

■ Because well-pleaded facts are taken as true in a section 2—619 motion, plaintiff claims that IDOT's section 2—619 motion necessarily conceded the complaint's allegation that the State had no title to the land in question. However, a party may present evidence to satisfy its initial burden of going forward with a defense under section 2—619 (*Kedzie*, 156 Ill. 2d at 116), notwithstanding any contrary assertions in the plaintiff's pleading. (*Griffin*, 274 Ill. App. 3d at 1064.) In this case, IDOT submitted the 1929 deed to establish its defense. A court may take judicial notice of facts when addressing a section 2—619 motion. (*Colvett v. L. Karp & Sons, Inc.* (1991), 211 Ill. App. 3d 731, 734, 570 N.E.2d 611.) Judicial notice is proper where the document in question is part of the public record and where such notice will aid in the efficient disposition of a case. (*Muller v. Zollar* (1994), 267 Ill. App. 3d 339, 341-42, 642 N.E.2d 339.) In the instant case, the trial court properly took judicial notice of the 1929 deed, allowing the State to establish the evidentiary fact that the State reasonably disputed the plaintiff's claim of unburdened ownership to the land at issue.

■ We now examine whether this fact was sufficient to support

the State's defense that the Court of Claims had sole jurisdiction over such a property dispute. Sovereign immunity in Illinois exists pursuant to statute and mandates that the State or a department of the State cannot be a defendant in an action brought directly in the circuit court. (705 ILCS 505/1 *et seq.* (West 1992); *President Lincoln Hotel Venture v. Bank One, Springfield* (1994), 271 Ill. App. 3d 1048, 1054, 649 N.E.2d 432.) Section 8 of the Court of Claims Act states:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois ***.

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit ***." (705 ILCS 505/8 (West 1992).)

The prohibition against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested. (*Bank One*, 271 Ill. App. 3d at 1054; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975.) Therefore, the determination of whether an action is against the State does not depend on the identity of the formal parties, but rather on the issues raised and the relief sought. (*Bank One*, 271 Ill. App. 3d at 1054.) If a judgment for plaintiff could operate to control the actions of the State or subject it to liability, the action is effectively against the State and is barred by sovereign immunity. (*Bank One*, 271 Ill. App. 3d at 1054-55; *Currie v. Lao* (1992), 148 Ill. 2d 151, 158, 592 N.E.2d 977.) This doctrine protects the State from interference in its performance in the functions of government. *Bank One*, 271 Ill. App. 3d at 1055; *S.J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 401, 444 N.E.2d 131.

Plaintiff claims that the court erred in dismissing IDOT, offering five reasons why sovereign immunity should not apply to IDOT in this matter. First, plaintiff contends that sovereign immunity does not protect a State agency acting in excess of its authority. While legal official acts of State officers are in effect acts of the State itself, illegal acts performed by officers are not, and when a State officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, a suit may be maintained against the officer and is not an action against the State of Illinois. (*Bank One*, 271 Ill. App. 3d at 1055; *Sass*, 72 Ill. 2d at 492.) The characterization of an action depends on the factual underpinnings of the case and the law necessary to arrive at a conclusion. (*Bank*

*One*, 271 Ill. App. 3d at 1057.) In a similar case involving a disputed easement, the court in *Evans v. Brown* (1994), 267 Ill. App. 3d 662, 642 N.E.2d 1335 (*Evans II*), succinctly presented the determinative issue:

> "[T]he outcome of this case hinges on whether plaintiff is seeking redress for illegal acts by State officers, or whether plaintiff is seeking merely to adjudicate a land claim against the State of Illinois. If it is the former, the circuit court has jurisdiction. If it is the latter, only the Court of Claims has jurisdiction." *Evans II*, 267 Ill. App. 3d at 665.

■ The plaintiff claims IDOT exceeded its authority by granting the construction permit for the disputed land. However, plaintiff's foundation for this contention is that IDOT necessarily conceded the plaintiff's title to the land in its section 2—619 motion. As we stated above, the ownership of the property was put in dispute through judicial notice once the State presented the 1929 deed. (See *Swieton v. Landoch* (1982), 106 Ill. App. 3d 292, 435 N.E.2d 1153 (court took judicial notice of certified copy of deed).) Thus, the factual underpinning of this case is the disputed ownership of the land, as IDOT has not exceeded its authority if in fact it has a right-of-way on the land at issue, a point conceded even by the plaintiff. (See also *Bank One*, 271 Ill. App. 3d at 1057 (State treasurer had authority to perform actions, even if ultimately found to be a breach of contract, and thus Court of Claims had exclusive jurisdiction).) Therefore, we agree with the conclusion of the *Evans II* court, which held: "Resolution of the easement's ownership involves adjudication of a property interest of the State and, therefore, directly and adversely affects the State. In other words, the State is the real party in interest, and so the Court of Claims has exclusive jurisdiction pursuant to the Act." *Evans II*, 267 Ill. App. 3d at 668.

■ The plaintiff's second reason that sovereign immunity should not apply is its claim that property disputes are barred from the circuit court only when "uncontroverted facts showed that the State had acquired title to the property in question." However, when the property of the State is involved, the State becomes directly and adversely affected by the suit, and the action must be held to be one against the State (*Marriott Corp. v. Department of Transportation* (1989), 186 Ill. App. 3d 167, 171, 542 N.E.2d 163; *Sass*, 72 Ill. 2d at 491), and the State Lawsuit Immunity Act (745 ILCS 5/1 (West 1994)) will bar its commencement in the circuit court. (*Evans v. Department of Transportation* (1993), 251 Ill. App. 3d 440, 444, 622 N.E.2d 444 (*Evans I*).) In a case similar to the instant matter, *Marriott* held that its disputed property claim belonged exclusively in the Court of Claims, stating:

"[P]laintiff has not questioned the materiality of the issue of the State's property rights, but rather has maintained that the State never acquired the asserted property right. As such, the existence of a property right in the State became the central issue in this case. As the property of the State is involved, the State is directly and adversely affected by the suit, and the action is one against the State. (See *Sass*, 72 Ill. 2d at 491, 381 N.E.2d at 977.) The circuit court was without subject-matter jurisdiction to resolve this issue." (*Marriott*, 186 Ill. App. 3d at 172.)

Likewise, we hold that the trial court did not have subject matter jurisdiction to resolve the property dispute in this matter.

The plaintiff repeatedly cites *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863, for its contention that a party may bring a property claim in the circuit court. However, the circuit court has been allowed to resolve a claim by the State of an interest in property only in limited circumstances. (*Marriott*, 186 Ill. App. 3d at 172.) *Marriott* compared *Herget* to the supreme court cases of *Sass* and *Gordon v. Department of Transportation* (1983), 99 Ill. 2d 44, 457 N.E.2d 403. Both *Sass* and *Gordon* held that their claims against the State over disputed property belonged exclusively in the Court of Claims. *Marriott* distinguished *Herget* from *Sass* and *Gordon* as follows: "In *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863, the interest asserted by the State, an irrevocable license to flood a portion of the plaintiff's land, was not claimed pursuant to a written instrument of conveyance as was the case in *Sass* and *Gordon* and is the case here." (*Marriott*, 186 Ill. App. 3d at 172-73.) Because the State did not rely on a written instrument in *Herget*, that court held that the State's physical invasion and taking of the plaintiff's property necessarily invoked the Illinois Constitution's clause guaranteeing a right to jury when the State takes property. (*Herget*, 105 Ill. 2d at 410-11.) In the instant case, as in *Marriott*, *Sass*, and *Gordon*, the State based its claim on a written conveyance. Thus, we find *Marriott*, *Sass*, and *Gordon* applicable to this matter, and not the *Herget* constitutional exception for adverse possession claims by the State, and we conclude that the Court of Claims has exclusive jurisdiction.

■ Plaintiff's third assertion is that jurisdiction lies in the circuit court when a plaintiff seeks only equitable relief against the State and not monetary damages. This claim is meritless. The plaintiffs in both *Sass* and *Evans I* also sought merely equitable relief against IDOT in their actions involving disputed easements. (*Evans I*, 251 Ill. App. 3d at 447 (plaintiff sought to remove restrictions on her use of easement); *Sass*, 72 Ill. 2d at 491 (plaintiff sought to quiet title).) *Sass*

and *Evans I* both reversed findings that the circuit court had jurisdiction, holding that jurisdiction in their requests for equitable relief lay exclusively in the Court of Claims. (*Evans I*, 251 Ill. App. 3d at 447; *Sass*, 72 Ill. 2d at 492-93.) We follow *Sass* and *Evans I* and find that the Court of Claims has exclusive jurisdiction.

■ Fourth, plaintiff claims that it is only concerned with the trespass by BG over its land, and thus the State has no involvement in this matter and is not the real party in interest. Plaintiff asserts, "The State is not making any effort to assert jurisdiction over any property." Initially, we note that plaintiff's own complaint contradicts this claim, as the complaint alleged, "That said permit on its face purports to grant authority for the widening of a portion of Deerfield Road located within the Village of Riverwoods." Plaintiff cannot assert that its dispute is only with BG once plaintiff has made the judicial admission that BG relied on a grant of State authority over the property. Moreover, a judgment for plaintiff could operate to control the actions of the State through its lost access to the land and inability to improve the public highway, and thus the action is effectively against the State and is barred by sovereign immunity. See *Bank One*, 271 Ill. App. 3d at 1054-55; *Currie*, 148 Ill. 2d at 158.

■ Lastly, plaintiff contends that it has no remedy because the Court of Claims lacks jurisdiction in this matter, relying on *Inn of the Lamplighter, Inc. v. Kramer* (1984), 128 Ill. App. 3d 317, 470 N.E.2d 1205, and *People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 16 N.E.2d 761. However, these two cases and their holdings were expressly rejected by the Illinois Supreme Court, which held that property claims could be filed in the Court of Claims. (*Patzner v. Baise* (1990), 133 Ill. 2d 540, 549, 552 N.E.2d 714.) In addition, even if the plaintiff had no remedy available in the Court of Claims, codification of public policy is for the legislature, and the lack of a remedy cannot grant jurisdiction to a circuit court over subject matter which is specifically barred by statute. (*Bank One*, 271 Ill. App. 3d at 1058-59; see also *Gordon*, 99 Ill. 2d at 47.) We hold that the trial court properly granted IDOT's motion to dismiss in appeal No. 1—93—1964.

## II

Addressing the plaintiff's second appeal against BG, plaintiff claims that IDOT was no longer a necessary party after the court dismissed IDOT. However, the plaintiff devotes almost its entire brief to the claim that IDOT could have been properly brought before the trial court, allowing the necessary party to be added to the case. We reject this argument as stated in our resolution of the other appeal.

■ Although plaintiff captions its brief with the claim that IDOT was no longer a necessary party after the court dismissed IDOT, we note that the plaintiff's brief devoted only a two-sentence paragraph to its discussion of this issue, stating:

> "The Department of Transportation was not a necessary party to the lawsuit at the point when the Second Amended Complaint was dismissed because the permit does not allow BG to utilize property which it does not own. It is the acts of BG and not [IDOT] that actually represents [sic] invasion of property to which it has no claim."

Plaintiff cited no authority for its claims in this paragraph, and every other statement and citation in plaintiff's brief serves only to support plaintiff's other argument that IDOT was a proper party before the court, without addressing whether IDOT was a necessary party. Moreover, when asked at oral argument for any authority to support its claim that IDOT was not a necessary party, plaintiff again referred this court to authority which only supported the proposition that IDOT could have properly been before the trial court. Supreme Court Rule 341(e)(7) (145 Ill. 2d R. 341(e)(7)) provides that the appellant's brief shall contain the contentions of the appellant and the reasons thereof, with citations of authorities. Thus, because plaintiff failed to cite any authority to support its claim that IDOT was not a necessary party, plaintiff has waived this argument in its appeal. (*Pyskaty v. Oyama* (1994), 266 Ill. App. 3d 801, 822, 641 N.E.2d 552; *Blomquist v. Kent* (1994), 264 Ill. App. 3d 331, 335, 636 N.E.2d 850; *Brown v. Tenney* (1988), 125 Ill. 2d 348, 362, 532 N.E.2d 230.) Moreover, in spending only two sentences addressing the issue, plaintiff's presentation was completely cursory and lacking in legal foundation, rendering any further discussion of this issue by this court unnecessary. See *Walsh v. County Officers Electoral Board* (1994), 267 Ill. App. 3d 972, 979, 642 N.E.2d 843.

For the foregoing reasons, the judgments of the trial court are affirmed.

Affirmed.

CAMPBELL and McNULTY, JJ., concur.