No. 3--96--0860

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, 
ex
 
rel
. Brent ) for the 9th Judi­cial Circuit

Manning, Director, Illinois ) McDonough County, Illinois

Department of Conservation, )

 )

Plaintiff, )

 )

and )

 )

BRENT MANNING, )

 ) No. 95--CH--3

Counter-Defendant- )

Appellee, )

 )

v. )

 )

PATRICK NICKERSON, )

 ) Honorable

Defendant and Counter- ) Larry W. Heiser,

Plaintiff-Appellant. ) Judge Presiding

_________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE MCCUSKEY delivered the opinion of the court:

_________________________________________________________________

The circuit court dismissed the counterclaim filed by the defendant, Patrick Nickerson, against Brent Manning, the Director of the Illinois Department of Conservation (Manning), because it found that the matter fell within the exclusive jurisdiction of the Illinois Court of Claims.  After carefully reviewing the record on appeal, we hold that the defendant's counterclaim was properly filed in the circuit court.  Accordingly, we reverse and remand for further proceedings.

On April 25, 1995, the plaintiff, Illinois Department of Conservation (IDOC), filed a complaint against the defendant.  IDOC alleged that it held title to certain property which was part of the Argyle State Park (the park) and the defendant held title to property adjacent to the park.  According to the com­plaint, the defendant constructed a building and cut down trees on park property.  IDOC sought a permanent injunction to compel the defendant to remove the building, to refrain from placing another building on park land and to stop cutting down trees.  IDOC also prayed for monetary compensation, including the fair rental value of the occupied land, three times the stumpage value of the trees cut down by the defendant and damages resulting from the construction and removal of the building.

In his second amended counterclaim, filed November 20, 1995, the defendant alleged that the survey used by IDOC was not correct.  He claimed that he was the owner of the disputed land.  The defendant sought a judicial determination of the boundary line between his property and the park and the ejection of IDOC from his land.  The defendant also prayed for monetary compensa­tion for damages he allegedly incurred.

Manning filed a motion to dismiss the defendant's counter­claim based upon the doctrine of sovereign immunity.  He contend­ed that the circuit court lacked jurisdiction to decide the issues raised in the counterclaim because the counterclaim sought relief against the State of Illi­nois.  According to Manning, the Court of Claims had exclu­sive jurisdic­tion to decide the matters contained in the counter­claim.

Based on Manning's motion, the trial court dismissed the defendant's counterclaim.  Later, the court amended its order to make the judgment appealable pursuant to Supreme Court Rule 304(a).  134 Ill. 2d R. 304(a).

The sole issue on appeal is whether the defendant's counterclaim was properly dismissed for lack of jurisdiction in the circuit court.

Article XIII, section 4, of the Illinois Constitution of 1970 abolished the doctrine of sovereign immunity "[e]xcept as the General Assembly may provide by law."  Ill. Const. 1970, art. XIII, §4. 
 The General Assembly thereafter reinstated sovereign immunity with two exceptions.  745 ILCS 5/1 (West 1996).  One exception provides that the Court of Claims has exclusive jurisdiction over suits against the State.  705 ILCS 505/8 (West 1996).

Manning's argument that the Court of Claims has exclusive jurisdiction over the issues raised in the defendant's counter­claim would be persuasive if the defendant had been the first to file his complaint in the circuit court.  As the pleadings stand, however, it was IDOC that first sought the intervention of the courts.  By doing so, IDOC subjected itself to the provisions of the Illinois Code of Civil Procedure (Code).  735 ILCS 5/1--101 
et
 
seq
. (West 1996).  This creates a crucial dis­tinc­tion.

Section 2--614(a) of the Code pro­vides that "the defendant may set up in his or her answer 
any and all cross claims whatev­er
."  (Emphasis added.)  735 ILCS 5/2--614(a) (West 1996).  Accord­ing to the Illi­nois supreme court, the objective of joinder is "the economy of actions and trial convenience."  
Boyd v. Travel­ers Insurance Co.
, 166 Ill. 2d 188, 199, 652 N.E.2d 267, 272 (1995).  In determining whether joinder is proper, the court must consider whether the claims arise out of closely related transac­tions and whether there is a signifi­cant question of law or fact that is common to the parties.  
Boyd
, 166 Ill. 2d at 199, 652 N.E.2d at 272.  Moreover, the Code must be liberally con­strued, "to the end that controversies may be speedily and finally determined accord­ing to the substantive rights of the parties."
  735 ILCS 5/1--106 (West 1996).

Clearly, the defendant's claims fall within the broad language of section 2--614(a) allowing any and all cross claims.  In addition, they arise out of the same "transactions" which prompt­ed IDOC's complaint--the defendant's erecting a building and cutting down trees on the disputed land.  Moreover, there is a significant question of fact common to the claims.  That question is "who owns the property" in dispute.  IDOC alleges that it is the record titleholder.  The defendant con­tends that IDOC's claim is based upon an inaccurate survey and that he in fact is the owner of the land upon which he built his building and chopped down trees.

To allow IDOC to litigate its claim in the circuit court and yet require the defendant to proceed before the Court of Claims would be to run the risk that the different courts would return opposing deci­sions.  Such a result would initiate more litiga­tion, expend more resourc­es, and take more time, in direct contradic­tion to the stated purposes of the Code.
  
Pursuant to this grant of authority, the General Assembly enacted the State Lawsuit Immunity Act.  It provides, in pertinent part:

"Except as provided in *** 'AN ACT to create the Court of Claims ***', *** the State of Illinois shall not be made a defendant or party in any court."  745 ILCS 5/1 (West 1996).  

The Court of Claims Act established the Court of Claims and en­dowed it with the exclusive jurisdiction to hear cer­tain mat­ters.  705 ILCS 505/1, 505/8 (West 1996); 
Patzner v. Baise
, 133 Ill. 2d 540, 545, 552 N.E.2d 714, 716 (1990).  When sovereign immunity applies, the circuit court is without jurisdic­tion to entertain the claim.  
Doe v. Burgos
, 265 Ill. App. 3d 789, 791-92, 638 N.E.2d 701, 703 (1994).  

Because of sovereign immunity, the State or a department of the State cannot be a proper party defendant in an action brought 
directly
 in the circuit court.  
Smith v. Jones
, 113 Ill. 2d 126, 132, 497 N.E.2d 738, 740 (1986); 
Village of Riverwoods v. BG Limited Partnership
, 276 Ill. App. 3d 720, 725, 658 N.E.2d 1261, 1265 (1995).  However, the applica­tion of sovereign immunity is not always clear-cut.  The determina­tion of whether an action is, in fact, a suit against the State turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties.  
In re Lawrence M.
, 172 Ill. 2d 523, 527, 670 N.E.2d 710, 713 (1996); 
Currie v. Lao
, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992); 
In re Rami M.
, 285 Ill. App. 3d 267, 271, 673 N.E.2d 358, 360 (1996); 
Vogt v. Bartelsmeyer
, 264 Ill. App. 3d 165, 170, 636 N.E.2d 1185, 1189 (1994).  An action will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability.  
Currie
, 148 Ill. 2d at 158, 592 N.E.2d at 980; 
Christiansen v. Masse
, 279 Ill. App. 3d 162, 168, 664 N.E.2d 314, 318 (1996).  However, in determin­ing whether sovereign immunity applies to a particular case, substance must take precedence over form.  
Rockford Memorial Hospital v. Depart­ment of Human Rights
, 272 Ill. App. 3d 751, 757, 651 N.E.2d 649, 654 (1995).

We agree with Manning that the Court of Claims has jurisdiction over a property dispute where the State of Illinois has title to the disputed property.  See 
Gordon v. Department of Transporta­tion
, 99 Ill. 2d 44, 47, 457 N.E.2d 403, 405 (1983); 
Village of Riverwoods
, 276 Ill. App. 3d at 726, 658 N.E.2d at 1266; 
Evans v. Brown
, 267 Ill. App. 3d 662, 668, 642 N.E.2d 1335, 1339-40 (1994).  In such a case, the State Lawsuit Immunity Act "will bar its 
commence­ment
 in the circuit court."  (Emphasis added.)  
Village of Riverwoods
, 276 Ill. App. 3d at 726, 658 N.E.2d at 1266.       

In this case, IDOC alleges that it is the record title­hold­er of the property in dispute between the parties.  It therefore argues that the Court of Claims has exclusive jurisdic­tion over the defendant's counterclaim in which the defendant claims ownership of the disputed property and seeks damages arising from the property dispute.  Based upon the unique circumstances presented in this case, we disagree with IDOC's argument that the Court of Claims has jurisdiction over the defendant's counterclaim. 

IDOC filed its action seeking adjudica­tion of its property dispute with the defendant in the circuit court.  In his counterclaim, the defendant con­tends that IDOC's claim is based upon an inaccurate survey and that he in fact is the owner of the land upon which he built his building and chopped down trees.  The defendant's counter­claim is based on the identical property dispute involved in IDOC's original complaint.  The outcome of both IDOC's complaint and the defendant's counterclaim are dependent upon the same facts.  

We conclude that it would defy logic and the efficient administration of justice for IDOC to obtain a resolu­tion of its property dispute with the defendant in the circuit court while, at the same time, requiring the defendant to file his counterclaim seeking resolution of the same property dispute in the Court of Claims.  We find that such a result would improperly elevate form over sub­stance.  See 
Rockford Memorial Hospital
, 272 Ill. App. 3d at 757, 651 N.E.2d at 654.

IDOC filed its action seeking resolution of its property dispute with the defendant in the circuit court.  Because of IDOC's action, the circuit court has acquired jurisdic­tion over the issues and facts resolving the property dispute in question.  Consequently, we hold that the trial court improperly dismissed the defendant's counter­claim.

In his petition for rehearing, Manning cites new authority in support of his argument.  Manning claims that our decision is inconsistent with two cases where the appellate court held that counterclaims against the State were barred by sovereign immunity. 

We recognize that the courts in 
People ex rel. Depart­ment of Transportation v. Cook Development Co.
, 274 Ill. App. 3d 175, 653 N.E.2d 843 (1995), and 
People v. Patrick J. Gorman Consultants, Inc.
, 111 Ill. App. 3d 729, 444 N.E.2d 776 (1982), concluded that counterclaims against the State were properly dismissed because of sovereign immunity.  The courts, in both cases, deter­mined that a party may not raise a counterclaim against the State in the circuit court if the same action would ordinarily be barred by the State Lawsuit Immunity Act.  
Cook Development
, 274 Ill. App. 3d at 184, 653 N.E.2d at 850; 
Patrick J. Gorman Consultants
, 111 Ill. App. 3d at 730-31, 444 N.E.2d at 778.  The courts, in these cases, concluded that the State did not waive sovereign immunity by bringing the original action in the circuit court.  
Cook Development
, 274 Ill. App. 3d at 184, 653 N.E.2d at 850; 
Patrick J. Gorman Consultants
, 111 Ill. App. 3d at 730-31, 444 N.E.2d at 778.   However, none of the cases cited by Manning has consid­ered the question now pending before this court.  The issue before us is whether sovereign immunity bars a counterclaim when  the same facts and issue raised in the counter­claim was already pending in the circuit court.  Based upon the unique facts and procedural history of the instant case, we disagree with the broad language used by the courts in 
Cook Development
 and 
Patrick J. Gorman Consul­tants
.  As a result, we adhere to our original conclu­sion that the circuit court has jurisdiction over the defendant's counterclaim because the outcome of both IDOC's complaint and the defendant's counterclaim are based upon a resolution of the same set of facts.

We finally note that
 
I
i
n no sense are we passing judgment upon the sufficiency of the defendant's pleadings.  IDOC has not filed a 
proper
 motion to dismiss on that basis
.
, and that matter
 
Consequently, the issue regarding the sufficiency of the defendant's pleadings
 is not before 
us
this court
.  
The sole question before us is whether the defendant's counterclaim was properly dismissed based on lack of jurisdiction in the circuit court.  We hold that, pursuant to the Code of Civil Procedure, the defendant's counterclaim was properly joined to IDOC's complaint, and the circuit court may exer­cise its jurisdiction to decide the issues raised therein.
  

For the 
foregoing 
reasons
 stated
, the judgment of the circuit court of McDonough County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON, P.J., and BRESLIN, J., concur.