**Mirek MAGDZIAK, Administrator of the estate of Tadeusz Glodek, deceased, Plaintiff–Appellant,**

**v.**

**David BYRD, Defendant–Appellee.**

**No. 95–4092.**

United States Court of Appeals, Seventh Circuit.

Argued May 21, 1996.

Decided Sept. 27, 1996.

Thomas J. Nathan, Lisa A. Pach (argued), Chicago, IL, for Plaintiff–Appellant.

Marina Popovic, Office of the Attorney General, Chicago, IL, A. Benjamin Goldgar (argued), Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendant–Appellee.

Before CUMMINGS, MANION and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Tadeusz Glodek was fatally injured when his car was struck by a vehicle that was being pursued at high speed by Illinois State Police Officer David Byrd. Mirek Magdziak, the administrator of Glodek's estate, sued Officer Byrd under 42 U.S.C. § 1983, claiming that Byrd's actions during the pursuit violated Glodek's Fourteenth Amendment due process rights. The district court rejected Magdziak's claim, finding both that Glodek's due process rights had not been violated and that Byrd was entitled to qualified immunity. The district court also dismissed Magdziak's pendant state law tort claims based on sovereign immunity. We agree that Byrd was entitled to qualified immunity, and that sovereign immunity bars Magdziak from pursuing his pendant state law claims in federal court. We therefore affirm the dismissal of Magdziak's complaint.

## I. Background

At 3:00 a.m. on February 25, 1993, Officer Byrd began pursuing the car that was soon to strike Glodek, after he observed it speeding on the westbound I–290 Expressway in Chicago. After proceeding for three miles on I–290, the driver under pursuit left the expressway and, at the top of the exit ramp, entered an intersection against his own red light. While crossing that intersection at high speed, the vehicle struck Glodek's car, causing his fatal injuries. According to Magdziak, Byrd's conduct during the chase was culpable in that he failed to operate his oscillating lights or siren, even though the chase reached speeds of up to 120 miles per hour on the expressway and 90 miles per hour on the exit ramp. Magdziak contended that the failure to use lights and a siren violated both the Illinois Vehicle Code, 625

ILCS 5/11–205(c)–(d), 12–216, 12–601(b) (1992), and an Illinois State Police directive. Magdziak also alleged that Byrd violated Illinois State Police directives requiring notification of his supervisor and use of the IS-PERN radio system during pursuit.

## II. Qualified Immunity

■ The defense of qualified immunity protects government agents " 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Behrens v. Pelletier,* —— U.S. ——, ——, 116 S.Ct. 834, 838, 133 L.Ed.2d 773 (1996) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see also Erwin v. Daley,* 92 F.3d 521, 523 (7th Cir.1996). Thus, the defendant is immune from suit if the conduct at issue did not violate a right that was clearly established when the conduct occurred, so that the defendant would not have been on notice that his behavior was " 'probably unlawful.' " *Montville v. Lewis,* 87 F.3d 900, 902–03 (7th Cir.1996) (quoting *Sherman v. Four County Counseling Center,* 987 F.2d 397, 401 (7th Cir.1993)). Once a defendant has raised the defense of qualified immunity, the plaintiff bears the burden of showing that the right he or she is asserting was clearly established at the relevant time. *Montville,* 87 F.3d at 902; *Clash v. Beatty,* 77 F.3d 1045, 1047 (7th Cir.1996). Our review of whether the plaintiff has succeeded in doing so is *de novo. Wilson v. Kelkhoff,* 86 F.3d 1438, 1446 (7th Cir.1996).

■ At the time of the chase in February 1993, several circuits had considered due process claims based on injuries resulting from assertedly reckless or unlawful conduct by police officers engaged in high speed chases. Without exception, the circuits to consider them had rejected those claims. In *Cannon v. Taylor,* 782 F.2d 947 (11th Cir.1986), plaintiffs' decedent was killed when her automobile was struck by a police car en route to a crime scene. The officer had been driving fifteen miles over the posted speed limit but had not activated his flashing lights or siren, although Georgia law required him to do so under the circumstances. 782 F.2d at 948.

The Eleventh Circuit recalled the admonition of *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976), against transforming the Fourteenth Amendment into " 'a font of tort law to be superimposed upon whatever systems may already be administered by the States.' " 782 F.2d at 950. With that in mind, the court held that

> a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right.... Automobile negligence actions are grist for the state law mill. But they do not rise to the level of a constitutional deprivation.

*Id.*

In *Jones v. Sherrill,* 827 F.2d 1102 (6th Cir.1987), plaintiff's husband was killed when a vehicle under pursuit by two police officers crossed the center line of a highway and collided with his oncoming car. Plaintiff blamed the officers in that they had been following the suspect too closely and chasing him at speeds of up to 135 miles per hour even though they were within city limits. Plaintiff asserted that this "negligent, careless ... wanton ... and ... reckless" conduct had caused her husband's death in violation of his "rights under the laws and Constitution of the United States." 827 F.2d at 1104. The court affirmed the district court's dismissal of the complaint, which it read as claiming a Fourteenth Amendment due process violation. Although the court noted that a claim of gross negligence would have sufficed in the Sixth Circuit to support an action under section 1983, the court found that the infractions alleged did not rise to that level. 827 F.2d at 1106–07.

In *Roach v. City of Fredericktown,* 882 F.2d 294 (8th Cir.1989), plaintiffs were seriously injured after their car was struck by both a fleeing vehicle and the police car that was pursuing it. Plaintiffs alleged that the police officer's conduct during pursuit, including the failure to operate his siren, violated several city policies and state laws. 882 F.2d at 296. The Eighth Circuit held that because even grossly negligent conduct

was not sufficient in that circuit to state a section 1983 claim, the officer's alleged conduct did not "rise to the level of conduct that would be actionable." 882 F.2d at 297.

Finally, in *Temkin v. Frederick County Commissioners*, 945 F.2d 716 (4th Cir.1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), the Fourth Circuit faced a similar claim when a driver who had been struck by both a fleeing suspect and the police officer who chased him sued under section 1983, alleging a substantive due process violation. The chase in that case was allegedly conducted for a lengthy period of time, at very high speeds, and in violation of a sheriff's department order requiring officers to maintain radio contact with their supervisors during high speed chases. 945 F.2d at 723. After lengthy discussion, the court held that conduct that "shocks the conscience" was sufficient to violate substantive due process rights and support a Fourteenth Amendment claim, rendering irrelevant the availability of post-deprivation state law remedies. 945 F.2d at 719–23. But that holding did not save plaintiff's complaint. The court rejected the notion that the officer's conduct during the pursuit, even if not compliant with departmental regulations, was shocking to the conscience. 945 F.2d at 723.

At the time of Glodek's 1993 collision, similar claims had also been considered by several district courts and, as in the circuits, had been unanimously rejected. *See, e.g., Fulkerson v. City of Lancaster*, 801 F.Supp. 1476 (E.D.Pa.1992), *affirmed mem.*, 993 F.2d 876 (3d Cir.1993); *Hicks v. Leake*, 821 F.Supp. 419 (W.D.Va.1992); *Dismukes v. Hackathorn*, 802 F.Supp. 1442 (N.D.Miss.1992); *Britt v. Little Rock Police Dep't*, 721 F.Supp. 189 (E.D.Ark.1989); *Timko v. City of Hazleton*, 665 F.Supp. 1130 (M.D.Pa.1986).[1]

In light of the unanimity of opinion in cases with facts similar to those that gave rise to Glodek's accident, Byrd certainly violated no clearly established constitutional right of Glodek's when he conducted the high speed chase without activating his lights or siren and without maintaining radio contact in the fashion prescribed by police regulation. Byrd was therefore entitled to qualified immunity.

## III. Sovereign Immunity

 Eleventh Amendment sovereign immunity [2] does not shield individual defendants like Byrd from federal court jurisdiction over state law tort claims. *Benning v. Bd. of Regents of Regency Universities*, 928 F.2d 775, 778–79 (7th Cir.1991). We are nonetheless bound by state rules of immunity regarding state law causes of action. *Id.* In that regard, our starting point is the Illinois Court of Claims Act, which invests that court with "exclusive jurisdiction to hear and determine ... [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit...." 705 ILCS 505/8(d). Although the statute does not directly address actions against individuals like Byrd, the Illinois Supreme Court addressed its applicability to suits against state officers for negligent operation of official vehicles in *Currie v. Lao*, 148 Ill.2d 151, 170 Ill.Dec. 297, 592 N.E.2d 977 (1992). In that case, plaintiff Currie filed suit in the Will County Circuit Court against an Illinois state trooper for damages resulting from an accident between the two that Currie attributed to the officer's negligent driving. Specifically, Currie alleged that the officer, who was responding to a non-emergency police call, had been driving the wrong way on a one-way street, not "maintain[ing] a proper lookout," and not controlling his vehicle. 170 Ill.Dec. at 302, 592 N.E.2d at 982. The court

---

1. In a lengthy en banc opinion that post-dated Glodek's accident, the Third Circuit has joined the courts rejecting due process claims based on injuries sustained as a result of police chases conducted in a negligent or reckless manner. *See Fagan v. City of Vineland*, 22 F.3d 1296 (3d Cir.1994) (en banc).

2. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has held that the immunity extends to protect states from federal actions brought by their own citizens as well. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

held that state employees may in some instances be entitled to sovereign immunity, and if so are insulated from suit outside the Court of Claims. Such immunity depends on "the source of the duty the employee is charged with breaching." 170 Ill.Dec. at 300, 592 N.E.2d at 980. The court explained:

> Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. Conversely, ... where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity.

*Id.* (citations omitted.) See also *Healy v. Vaupel,* 133 Ill.2d 295, 140 Ill.Dec. 368, 549 N.E.2d 1240 (1990).

Based on this reasoning, the court noted that sovereign immunity does not ordinarily shield state employees from claims of negligent driving, as the duties breached do not in most instances arise out of their state employment. Yet the court noted that immunity would attach when "a State employee's manner of operating a vehicle [is] ... unique to his employment." 170 Ill.Dec. at 301, 592 N.E.2d at 981. Thus, although the court refused to extend immunity to the officer in that case, the court distinguished him from a law enforcement officer engaged in a high speed chase. 170 Ill.Dec. at 301–02, 592 N.E.2d at 981–82 (citing *Campbell v. White,* 207 Ill.App.3d 541, 152 Ill.Dec. 519, 566 N.E.2d 47 (1991)). Because an officer in a high speed chase acts as "only a governmental official is authorized to act," the court reasoned that he would be entitled to sovereign immunity. 170 Ill.Dec. at 302, 592 N.E.2d at 982. That understanding is consistent with our own pre-*Currie* reading of the Illinois statute and case law. *See, e.g., Benning,* 928 F.2d at 779. It is noteworthy in light of *Currie* that the duties allegedly breached by Byrd relate specifically to his conduct of the high speed chase (rather than his driving in general) and arise solely out of state regulations and police directives. Un-

der *Currie,* then, Magdziak's state law claims against Byrd are subject to sovereign immunity and must be brought in the Illinois Court of Claims, as set out at 705 ILCS 505/8. The court's dismissal of these claims was proper.

## IV. Conclusion

Byrd was entitled to both qualified and sovereign immunity. The judgment of the district court is AFFIRMED.