NO. 5-95-0918

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

THERESA THOMAS, Individually and as  )  Appeal from the

Next Friend and Mother of LATOSHA    )  Circuit Court of 

FRANKLIN, a/k/a LATOSHA THOMAS, a    )  St. Clair County.  

minor child,                         )

                                     )               

     Plaintiff-Appellee,             )

v.                                   )  No. 90-L-1328

                                     )

DERRICK GARNER,                      )  Honorable

                                     )  Milton S. Wharton, 

     Defendant-Appellant.            )  Judge, presiding.  

_________________________________________________________________

     PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

     This case is on appeal pursuant to Supreme Court Rule 308. 

155 Ill. 2d R. 308.  On November 27, 1995, the trial court granted

defendant's oral motion for interlocutory appeal, finding, "[T]here

are questions of law as to which there [are] substantial grounds

for difference of opinion and *** resolution of two issues will

materially advance the litigation."  The trial court certified the

following questions for appeal: 

          "1.  Does the circuit court have jurisdiction of an

     action against a state-employed bus driver for alleged

     violation of a state statute requiring a school bus driver to

     discharge passengers on a four-lane highway only at a place

     where their residences are to the right of the highway,

     pursuant to [section 11-1415 of the Illinois Vehicle Code (625

     ILCS 5/11-1415 (West 1994))]?

          2.  Does the driver of a school bus owe a duty of care to

     a plaintiff-pedestrian where the plaintiff-pedestrian is

     struck by an automobile while crossing the street to pick up

     a child passenger where the plaintiff-pedestrian alleges that

     the bus driver negligently placed his passenger in a position

     of peril, necessitating rescue by the plaintiff-pedestrian?"

On January 10, 1996, this court granted defendant's application for

leave to appeal from the above-certified questions.

                           A. PROCEDURAL HISTORY

     On December 13, 1990, plaintiff, Theresa Thomas (Theresa),

individually and as the next friend and mother of Latosha Franklin,

a/k/a Latosha Thomas (Latosha), filed a one-count complaint against

defendant.  The relevant allegations of plaintiff's complaint are

as follows.  Latosha is a minor child, born November 23, 1979. 

Theresa is her mother.  Defendant was "the operator of a certain

school bus" and was charged with the responsibility of transporting

Joseph Franklin (Joseph), the younger brother of Latosha, "to and

from his residence and school facilities."  On or about October 31,

1989, when defendant was transporting Joseph back to his residence,

Latosha "was struck while crossing the street as a direct and

proximate result of the negligent acts or omissions of the

Defendant."  

     In her complaint, Theresa alleged that defendant was negligent

in failing to exercise ordinary care, by permitting Joseph "to

alight from the bus across the street from his residence" and in

failing to transport Joseph to "a place from which he could have

walked to his home without crossing the street," thereby placing

him "in a position of peril that necessitated rescue by Latosha

Franklin."  Plaintiff alleged that defendant "permitted or was

going to permit Joseph Franklin to leave the bus unassisted when he

knew or should have known that such a procedure would be likely to

result in an injury to Joseph Franklin and further that such a

procedure would necessitate the rescue of Joseph Franklin by such

other individuals as the Plaintiff."  

     On May 22, 1995, defendant filed a motion for summary judgment

on the grounds, inter alia, that defendant owed no duty to

plaintiff's child, who was not a bus passenger, and that it was not

reasonably foreseeable that a nonpassenger would run across the

street as the bus was stopped to drop off a passenger.  On October

26, 1995, the trial court denied defendant's motion for summary

judgment. 

     In November 1995, defendant filed a motion to dismiss for want

of jurisdiction, on the ground that the doctrine of sovereign

immunity barred this suit against defendant in the circuit court

and thus the court of claims had exclusive jurisdiction.  On

November 27, 1995, the trial court denied defendant's motion to

dismiss and certified the above questions for interlocutory appeal.

                                B. ANALYSIS

                              1. JURISDICTION

     We now turn to the first certified question, whether the

circuit court is vested with jurisdiction of plaintiff's claim.

Defendant argues that this lawsuit is only nominally against him,

and that the real party in interest is the State of Illinois. 

Where a lawsuit is nominally against a State employee, but where a

judgment in plaintiff's favor could operate to control the actions

of the State or subject it to liability, then the action is

regarded as against the State and must be brought in the court of

claims.  Currie v. Lao, 148 Ill. 2d 151, 158 (1992); 705 ILCS 505/8

(West 1994).  The determination of whether a case is against the

employee as an individual or against the State depends upon the

issues involved and the relief sought.  Currie, 148 Ill. 2d at 158;

Healy v. Vaupel, 133 Ill. 2d 295 (1990).

     Defendant argues that a plaintiff cannot evade the exclusive

jurisdiction of the court of claims by suing the employee when his

real claim is against the State itself.  As a general rule,

defendant is correct.  Healy, 133 Ill. 2d at 308.  However, it is

equally true that a State employee such as defendant cannot evade

liability and "is not immunized by sovereign immunity for his own

acts of negligence merely because he was acting within the scope of

his employment."  Currie, 148 Ill. 2d at 158.  

     "The issue of when a State employee's on-the-job negligence is

     immunized has been the focus of numerous divergent, and

     sometimes contradictory, approaches in the case law.  After

     careful study of these approaches, we conclude that the proper

     inquiry is to analyze the source of the duty the employee is

     charged with breaching in committing the allegedly negligent

     act.  Where the charged act of negligence arose out of the

     State employee's breach of a duty that is imposed on him

     solely by virtue of his State employment, sovereign immunity

     will bar maintenance of the action in circuit court.  [Cita-

     tions.]   Conversely, where the employee is charged with

     breaching a duty imposed on him independently of his State

     employment, sovereign immunity will not attach and a negli-

     gence claim may be maintained against him in circuit court. 

     [Citations.]  In other words, where an employee of the State,

     although acting within the scope of his employment, is charged

     with breaching a duty that arose independently of his State

     employment, a suit against him will not be shielded by

     sovereign immunity."  (Emphasis added.)  Currie, 148 Ill. 2d

     at 159.

     In the first question certified to this court, we are asked to

presume that defendant is employed by the State and that he is

alleged to have violated "a statute requiring school bus drivers to

discharge their passengers on a four-lane highway only at a place

where their residences are to the right of the highway."  We find

that the duty defendant allegedly breached is a duty that every

school bus driver owes to his minor passengers.   

     The duty alleged as breached is not unique to defendant's

State employment but is independent of that employment.  "School

bus drivers are required to transport children safely between the

school and home[.]"  People v. Davis, 88 Ill. App. 3d 728, 732

(1980).  As a general rule, bus drivers, whether they are employed

by the State, a local school district, a private school, or a

private company, are under a duty to operate their buses "in a safe

and reasonable manner to protect the safety of the children on the

bus as well as the general public on the road."  Board of Education

of School District U-46 v. Illinois Educational Labor Relations

Board, 216 Ill. App. 3d 990 (1991).  

     The statute defendant is alleged to have breached is part of

the Illinois Vehicle Code (the Vehicle Code).  625 ILCS 5/1-100 et

seq. (West 1992).  The statute regulates the manner in which school

buses are allowed to stop in order to load and discharge passen-

gers.  625 ILCS 5/11-1415 (West 1992).  The Vehicle Code defines a

school bus as follows:  

     "every motor vehicle *** owned or operated by or for any of

     the following entities for the transportation of persons

     regularly enrolled as students in grade 12 or below in

     connection with any activity of such entity:

          Any public or private primary or secondary school;

          Any primary or secondary school operated by a religious

     institution; or

          Any public, private or religious nursery school."  625

          ILCS 5/1-182 (West 1992). 

     Defendant, who is employed by the State of Illinois, is

alleged to have breached a duty imposed upon him under the statutes

of this State, a duty that applies to all school bus drivers. 

Since a school bus driver is by statutory definition one who drives

a school bus for any public, private, or religious preschool or

grade school, we fail to see how defendant's employment with the

State operates to insulate him from liability for an alleged

violation of a statute that applies to all school bus drivers,

regardless of who employs them.  Thus, under the source-of-duty

rule as defined in Currie, the defendant in the case at bar,

although acting within the scope of his employment at the time of

Latosha's accident, is charged with breaching a duty that arose

independently of his State employment, and he is not shielded by

sovereign immunity from the jurisdiction of the circuit court.

     In addition to the rule set forth in Currie regarding the

source of the duty, the courts have developed a three-part test to

use in determining whether a case must be brought in the court of

claims.  The test for determining when an action is against the

State and must be brought in the court of claims has been stated as

follows:

     "[W]hen `there are (1) no allegations that an agent or

     employee of the State acted beyond the scope of his authority

     through wrongful acts; (2) the duty alleged to have been

     breached was not owed to the public generally independent of

     the fact of State employment; and (3) where the complained-of

     actions involve matters ordinarily within that employee's

     normal and official functions of the State, then the cause of

     action is only nominally against the employee.'"  Healy, 133

     Ill. 2d at 309, quoting from Robb v. Sutton, 147 Ill. App. 3d

     710, 716 (1986).

We interpret the test as allowing the case to be heard in the

circuit court if any of the three conditions are not met, rather

than requiring dismissal for want of jurisdiction if one of the

conditions is met.  Healy, 133 Ill. 2d at 309; Janes v. Albergo,

254 Ill. App. 3d 951, 958 (1993).  

     Under the three-part test adopted in Healy, we find that the

court of claims does not have exclusive jurisdiction of this

lawsuit.   As we have previously stated, the duty that defendant is

alleged to have breached is one owed to the public generally,

independent of defendant's employment with the State.  Therefore,

we do not find that the three-part test set forth in Healy requires

this case to be tried exclusively in the court of claims.

     Our holding that the circuit court has jurisdiction to decide

plaintiff's claim comports with the rationale underlying the

extension of sovereign immunity to a limited group of State

employees.  "The rationale behind extending the immunity to State

employees in certain situations is that a suit against that

employee could operate to control the action of the State, thereby

allowing the State's immunity to be circumvented."  (Emphasis in

original.)  Currie, 148 Ill. 2d at 159.

     Defendant argues that a judgment in favor of plaintiff will

operate to control the actions of the State because State law

currently specifies the procedure a school bus driver must follow

in discharging his passengers and thus a judgment in plaintiff's

favor would operate to control the State in establishing these

procedures.  We disagree.  Any judgment plaintiff succeeds in

obtaining against defendant will apply only to defendant's actions,

not other State employees and not the State as an entity itself. 

The rules as set forth in the Vehicle Code will remain the same. 

If we were to accept defendant's argument, we would have to grant

sovereign immunity to every State employee charged with a violation

of a State statute, an absurd result that the law does not permit. 

Currie, 148 Ill. 2d 151.  

     Defendant makes several additional arguments that are beyond

the scope of either certified question.  When deciding a case such

as this under Rule 308, the court of review will not consider

issues outside the scope of the certified question.  Bachman v.

Sharon & Lo's Place, Inc., 185 Ill. App. 3d 40 (1989); Koch v.

Spalding, 174 Ill. App. 3d 692 (1988).  While defendant's arguments

may have some bearing on the ultimate outcome of this case, they do

not convince us that the circuit court lacks jurisdiction to

consider this case.  

       For all of these reasons, we answer the first certified

question affirmatively.

                            2. RESCUE DOCTRINE

     Under the second certified question, we are asked to consider

whether the driver of a school bus owes a plaintiff-pedestrian a

duty of care under the rescue doctrine.  We answer this question

affirmatively for two reasons:  We are bound by the procedural

history of the case and by the terms of the certified question

itself.

          "A rescuer is someone who voluntarily attempts to save

     the life or secure the safety of another who is in a position

     of peril.  [Citation.]  Often, when a rescuer comes to the aid

     of another, the rescuer knowingly subjects himself to imminent

     peril.  Because of this and because of the public policy

     interests in promoting rescue, the rescue doctrine was long

     ago recognized and established.  The rescue doctrine arises

     when a plaintiff brings an action based on negligence against

     a defendant whose negligence has placed a third party in a

     position of peril.  If the plaintiff is injured in the attempt

     to rescue that third party, then he is allowed to negate a

     presumption that his intentional act of rescue is the super-

     seding cause of his injuries, thereby allowing him to prove

     that defendant's negligence is the proximate cause of his

     injuries."  Seibutis v. Smith, 83 Ill. App. 3d 1010, 1015-16

     (1980).

     Thus, the second certified question must be answered affirma-

tively under the case law of Illinois.  Although we find no case

law specifically applying the rescue doctrine to a plaintiff-

pedestrian and a defendant-school bus driver, we do not find

anything about this factual scenario that prevents the application

of the rescue doctrine as a matter of law. 

     Finally, we note that defendant conceded in oral argument

that, as worded, the second certified question requires an

affirmative answer unless this court will review the underlying

facts of the case.  However, we have already determined that we are

bound by both the procedural history of the case and the terms of

the certified question.  Therefore, we decline defendant's

invitation to review the facts to determine whether Latosha was

entitled to rescue Joseph and whether defendant's negligence was

the proximate cause of Latosha's injuries.  

                               C. CONCLUSION

     For all of the reasons stated, we answer both certified

questions in the affirmative and remand the case to the trial court

for further proceedings consistent with this opinion.

     Certified questions answered; cause remanded.

     CHAPMAN, J., and GOLDENHERSH, J., concur.

                                      NO. 5-95-0918

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

THERESA THOMAS, Individually and as  )  Appeal from the

Next Friend and Mother of LATOSHA    )  Circuit Court of 

FRANKLIN, a/k/a LATOSHA THOMAS, a    )  St. Clair County.  

minor child,                         )

                                     )               

     Plaintiff-Appellee,             )

v.                                   )  No. 90-L-1328

                                     )

DERRICK GARNER,                      )  Honorable

                                     )  Milton S. Wharton, 

     Defendant-Appellant.            )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed:                  October 23, 1996

___________________________________________________________________________

Justices:      Honorable Terrence J. Hopkins, P.J.

                         

               Honorable Charles W. Chapman, J., and

               Honorable Richard P. Goldenhersh, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      James E. Ryan, Attorney General, State of Illinois, 

for            Barbara A. Preiner, Solicitor General, 

Appellant           A. Benjamin Goldgar, Assistant Attorney General, 

               100 West  Randolph Street, 12th Floor, Chicago, IL  60601

___________________________________________________________________________

Attorneys      John Malec, Martin and Malec, 1007 Olive Street, 5th Floor,

for            St. Louis, MO  63101

Appellee            

___________________________________________________________________________