NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190018-U

NO. 4-19-0018

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| GREG MORRIS, | ) | Appeal from the |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Schuyler County |
| ANDERSON FREEMAN and GREGG SCOTT, | ) | No. 16MR13 |
|      Defendants-Appellees. | ) | |
| | ) | Honorable |
| | ) | Scott Jones Butler, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding defendant's claim was barred by the
doctrine of sovereign immunity.

¶ 2     Plaintiff, Greg Morris—a "committed person" under the Sexually Violent Persons

Commitment Act (725 ILCS 207/1 *et seq.* (West 2016)) being held at the Rushville Treatment

and Detention Center (Rushville)—appeals from the trial court's order dismissing his replevin

action against defendant, Gregg Scott, the program director of Rushville. Plaintiff argues that the

court erred in finding his replevin action barred by sovereign immunity. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In October 2017, plaintiff filed a second amended complaint purporting to raise a

replevin claim seeking the return of certain items of personal property—or their value—that had

been confiscated during multiple "shake-downs" of his room. Plaintiff attached numerous exhibits to his complaint, including grievances he had filed seeking the return of his property and the responses to those grievances. The responses indicated that the confiscated items of property were "either considered not allowed, in excess or were not taken from the resident." Plaintiff alleged that the confiscated items were, in fact, in compliance with Rushville's policy and defendant authorized the unlawful seizure of the property in "direct retaliation" for plaintiff "having filed his complaints, grievances and also assisting other residents in filing complaints about [certain Rushville employees.]"

¶ 5        Defendant filed a motion to dismiss plaintiff's action pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)), arguing that the Court of Claims had exclusive jurisdiction to hear the complaint. The trial court granted defendant's motion to dismiss. The court reasoned that sovereign immunity protected defendant from liability because the complained-of actions were within the scope of defendant's authority as a state employee, and plaintiff's allegation that defendant exercised his authority "improperly" was insufficient to demonstrate the complaint was not against the State.

¶ 6        This appeal followed.

¶ 7                              II. ANALYSIS

¶ 8        Plaintiff argues the trial court erred in granting defendant's section 2-619 motion to dismiss his replevin action on sovereign immunity grounds. We review *de novo* a trial court's decision to grant or deny a section 2-619 motion. See, *e.g.*, *Carmody v. Thompson*, 2012 IL App (4th) 120202, ¶ 18, 977 N.E.2d 887 ("A section 2-619 motion presents a question of law, and thus our review of the trial court's ruling on the motion is *de novo*.").

¶ 9        The Illinois Constitution of 1970 provides: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, § 4. Under this constitutional grant of authority, the legislature passed the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2016)), which reinstated sovereign immunity, except, in relevant part, "as provided in *** the Court of Claims Act ***." *Id.* § 1. The Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2016)) grants exclusive jurisdiction over "claims against the State for damages in cases sounding in tort" to the Court of Claims. *Id.* § 8(d). "[S]overeign immunity cannot be avoided by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." (Internal quotation marks omitted.) *Carmody*, 2012 IL App (4th) 120202, ¶ 21.

¶ 10        "Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought." *Healy v. Vaupel*, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990). With respect to the issues involved, the supreme court has enumerated the following test to determine whether sovereign immunity applies:

> "[A]n action is against the state when there are: (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State." (Internal quotation marks

omitted.) *Jinkins v. Lee*, 209 Ill. 2d 320, 330, 807 N.E.2d 411, 417-18 (2004).

In addition to this test, "a court must also consider whether the relief sought is such that 'a judgment for the plaintiff could operate to control the actions of the State or subject it to liability.' " *Id.* (quoting *Currie v. Lao*, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992)).

¶ 11        Here, the complained-of actions consisted of (1) defendant authorizing "shake-downs" of plaintiff's room that resulted in the confiscation of some of plaintiff's personal property and (2) defendant subsequently denying plaintiff's grievances requesting the return of his property. Plaintiff argues that defendant's actions were beyond the scope of his authority as they amounted to a violation of section 299.330 of Title 59 of the Illinois Administrative Code (59 Ill. Adm. Code 299.330 (2000)), which authorizes the program director of a secure residential facility—such as Rushville—to prohibit residents from possessing certain classes of property *only in limited circumstances*; and those limited circumstances, according to plaintiff, were not present in this case. For the reasons discussed below, we find plaintiff's claim was against the State, not defendant.

¶ 12        First, despite plaintiff's argument to the contrary, there are no allegations that defendant acted beyond the scope of his authority. Defendant—Rushville's "highest ranking official" (59 Ill. Adm. Code 299.120 (2000) (defining "program director"))—had the authority to control the type and amount of personal property a resident was permitted to possess in their room and to confiscate any items that fell into a restricted class of property. See 59 Ill. Adm. Code 299.330 (2000) ("Possession and use of certain classes of property may be restricted by the Program Director ***."). Although plaintiff alleges that defendant improperly determined his confiscated property fell into a restricted class, this does not change the fact that defendant was

acting within the scope of his authority when he confiscated plaintiff's property and denied requests for its return. See, *e.g.*, *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 352, 751 N.E.2d 1187, 1194 (2001) ("A State employee's violation of policy, regulation, or even statute does not necessarily avert the application of sovereign immunity.").

¶ 13    Second, defendant did not owe the duty he allegedly breached—presumably, the duty to comply with the relevant regulations—to the public generally, independent of his employment with the State. Rather, that duty was owed only to the residents of Rushville. The regulations are specific to conduct within secure residential facilities, not conduct occurring in society generally. As a result, defendant's duty was derived solely from his status as a state employee. See *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029, ¶ 26, 18 N.E.3d 265 ("[W]hen a state employee is charged with breaching a statutory duty which *proscribes his conduct as a state employee* (and not a statutory duty that applies to the public generally), sovereign immunity applies." (Emphasis in original.)).

¶ 14    Third, the complained-of actions involved matters that were ordinarily within defendant's normal and official functions. As program director, it was defendant's job to establish rules regulating the acquisition and possession of personal property by the residents and to enforce those rules. See 59 Ill. Adm. Code 299.330 (2000). Defendant was also tasked with reviewing resident grievances and advising the resident as to the decision that had been made on each grievance. See 59 Ill. Adm. Code 299.820 (2000). Thus, the complained-of actions clearly involved matters that were squarely within defendant's normal, official functions. Moreover, considering the inter-relationship between the complained-of acts and defendant's official functions as Rushville's program director, a judgment in favor of plaintiff would operate to control the State by limiting defendant's ability to determine what types of and how much

personal property is permissible within the facility. See *Currie*, 148 Ill. 2d at 158 ("An action *** will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State ***."). Accordingly, we conclude defendant's complaint was against the State and must be filed in the Court of Claims.

¶ 15     In closing, we note defendant argues that plaintiff forfeited his claim that defendant's actions were retaliatory in nature, and therefore defendant may not assert sovereign immunity by failing to renew it on appeal in violation of Illinois Supreme Court Rule 341(h)(7) (May 25, 2018). Even assuming, *arguendo*, plaintiff properly renewed his argument on appeal, we would find it meritless. While reviewing courts have held that a well-pleaded allegation of retaliatory conduct on the part of a state employee may work to prevent application of sovereign immunity, it does so only when the specifically-pleaded facts demonstrate that the retaliatory conduct was done maliciously for the employee's own purposes and not in furtherance of the State's interests. See, *e.g.*, *Welch*, 322 Ill. App. 3d at 354. Here, plaintiff alleged no facts that would support a finding that defendant's actions in confiscating the property were somehow furthering defendant's own purposes; instead, the facts alleged suggest that defendant was acting in furtherance of the State's interests. See *Nikelly v. Stubing*, 204 Ill. App. 3d 870, 876, 562 N.E.2d 360, 364 (1990) (finding the complained-of actions within the scope of the defendants' authority because the plaintiff alleged "no specific facts which would establish that [the] defendants harbored any personal animosity toward [the plaintiff], or that they committed the acts alleged for reasons other than that they perceived them to be in the best interests of [the State]").

¶ 16                    III. CONCLUSION

¶ 17     For the reasons stated, we affirm the trial court's judgment.

¶ 18    Affirmed.