(No. 95-CC-2404

CAROLYN C. EVANS, Claimant, *v.* ILLINOIS DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion and Order on motion to dismiss filed March 21, 1996.*

*Order filed July 22, 1999.*

BILL J. EVANS and HATCH, MCPHETER & LYKE (BRIAN L. MCPHETER, of counsel), for Claimant.

JIM E. RYAN, Attorney General (MARK W. MARLOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION AND ORDER ON
## MOTION TO DISMISS

Epstein, J.

This three-count complaint over a 25 × 161 foot strip of land in Champaign County is the Claimant's third effort at judicial relief, in a third action in a third court, to secure the property rights that she claims in the strip. The 25-foot strip is the western edge of several parcels of which Claimant is the fee owner and lies between Route 45 and the remainder of Claimant's land. The strip is also the subject of a Department of Transportation ("IDOT") easement for highway purposes which was granted in 1946 by Claimant's predecessor in title to IDOT's predecessor. The successors-in-interest now dispute the use of the strip and the ownership of the easement.

Claimant's two previous efforts in the circuit and appellate courts resulted in dismissals for lack of jurisdiction in those courts to grant the relief requested, due to the exclusive jurisdiction of this Court to adjudicate most disputes involving State land rights. *Evans v. Department of Transportation* (4th Dist. 1993), 251 Ill. App. 3d 440, 190 Ill. Dec. 730, 622 N.E.2d 444 ["*Evans I*"] (action for ingress-egress dismissed and circuit court order vacated for lack of jurisdiction; held that court of claims has exclusive jurisdiction); *Evans v. Brown* (4th Dist. 1994), 267 Ill. App. 3d 662, 205 Ill. Dec. 218, 642 N.E.2d 1335 ["*Evans II*"] (mandamus action to compel

IDOT to institute eminent domain proceedings, based on alleged taking, and for determination of ownership or scope of State easement, dismissed for lack of jurisdiction; held that exclusive jurisdiction lies in court of claims).

In this Court, Claimant asserts: (count I) that IDOT has "taken" her land by imposing various restrictions on use of the strip and by restricting her access across the strip; on which basis Claimant asks for a writ of *mandamus* to compel IDOT to institute condemnation proceedings in the circuit court; (count II) that the State's easement in the strip has reverted to the Claimant by virtue of the reversion terms contained in the easement and the State's subsequent actions and lack of use of the strip for highway purposes; on which basis Claimant requests a declaratory judgment reverting the easement; and (count III) that this Court should adopt the findings, conclusions and order of the circuit court in *Evans I* that were reversed and vacated for lack of jurisdiction but which were fully adjudicated by the parties in that court.

This procedurally extruded dispute is before us on the Respondent's motion to dismiss which advances four grounds (or groups of grounds) for dismissal of various or all of the three counts of Claimant's complaint. We consider these *seriatim*.

## 1. Pleading Requirements.

Respondent contends first that Claimant's complaint does not comply with our Rules 790.50(a)(1), (a)(3), and (c) (74 Ill. Adm. Code 790.50(a)(1), 790.50(a)(3), 790.50(c)) in that it, respectively, fails to set forth the jurisdictional basis in our Act under which the claims are brought; fails to "set forth fully when and to whom the action was previously presented and what action the State

agency took"; and fails to attach copies of the "deeds, easements and other writings upon which the claim is based." Violation of these pleading requirements of Rule 790.50 are, as Respondent notes, grounds for dismissal under Rule 790.90 (74 Ill. Adm. Code 790.90).

It is clear that this complaint fails to contain the requisite pleadings required by section 790.50(a)(1) (the jurisdictional reference(s)) and the attachments required by 790.50(c), at least insofar as count II (and possibly counts I and III) rely on the easement text. The Respondent does not identify any other specific documents that should be attached. Claimant has articulated possible alternative jurisdictional bases in her brief; whichever Claimant relies upon should have been pleaded. Similarly, although the easement language on which Claimant relies is pleaded in an exhibit to her complaint, the document is not pleaded as is required. These omissions do not warrant dismissal given the information that was pleaded and the non-prejudicial nature of these omissions in this instance. These defects can be, and must, be cured by another pleading.

However, we are unimpressed with the Respondent's argument as to the prior presentment of these claims. In the context of this complaint's allegations and in light of the prior litigation in the circuit and appellate courts which is referenced in the complaint, the Claimant's complaint clearly identifies to whom and with what result these disputes were presented. Claimant's pleading has sufficiently complied with Rule 790.50(a)(3).

2. Exhaustion of Administrative Remedies.

Respondent next contends that the Claimant failed to exhaust her administrative remedies within IDOT, in violation of our Rule 790.60 (74 Ill. Adm. Code 790.60),

which is a ground for dismissal under Rule 790.90 (74 Ill. Adm. Code 790.90). Respondent's exhaustion contention focuses on the access component of Claimant's "taking" claim, and essentially contends that insofar as access across the easement strip may have been denied by IDOT, that issue is properly the subject of a permit proceeding before IDOT, and this Claimant did not even apply for such permits, as disclosed by the *Evans I* opinion pleaded by the Claimant as an exhibit to her complaint. To this argument the Claimant responds that she is not seeking access (which might be provided by an IDOT permit), but instead seeks relief for a "taking" and a determination of ownership of the easement.

Claimant's response is correct as to the easement issue, but is only partly correct as to the "taking" issues asserted in count I. Insofar as the claimed taking is a matter of denial of access, as it clearly is in some part at least (*see* complaint, count I, paragraph 7(A)), the Respondent's argument prevails, and to this extent the count I claim, as pleaded, must be dismissed. The remainder of the "taking" claim of count I, and all of counts II and III must survive this exhaustion objection.

### 3. Count III: The Circuit Court's Ruling in *Evans I.*

Respondent moves for dismissal of count III, asserting that this Court is not bound by the circuit court's ruling, as it was vacated by the appellate court for lack of jurisdiction and is thus void. It is clear that this Court is not bound by that order. The Claimant does not contend that the circuit court's order or its findings or its conclusions are binding; rather, Claimant urges us in her complaint and in her brief to adopt that court's rulings in the interest of judicial economy and fairness in light of the proceedings held in that court with the full participation of these parties.

This Court cannot do as Claimant understandably but baselessly asks us to do. Claimant won in the circuit court of Champaign County, but that proceeding was indeed a nullity due to Claimant's incorrect choice of forum. As much as we would like to avoid duplicative trials, the State has a right to an evidentiary hearing in this Court even if that amounts to a second bite at the apple due to the futile proceedings in the other court. Given the prior litigation, and the somewhat detailed findings of the other court, an appropriate course might be for one or both of the parties to move for summary or partial summary or issue summary judgment, which may or may not fully dispose of the already-litigated issues, but should at least identify persisting factual disputes and might narrow the issues for trial. Whether that course, or trial, makes better procedural sense is, at least initially, a determination for the parties to make. However, we will not preclude a party from an evidentiary hearing in this Court because of a non-binding determination in another forum, particularly where nugatory proceedings were not held at the instance of the objecting party.

We also fail to find any basis for count III to stand as an independent claim, as it solely requests adoption of the circuit court's order and determinations and fails to assert any independent basis for relief. For this facially apparent reason, we must dismiss count III of the complaint with prejudice.

### 4. Statute of Limitations.

Respondent finally contends that this complaint must be dismissed for violation of the five-year limitation contained in section 22 of our statute (Court of Claims Act, section 22; 705 ILCS 505/22) which Respondent says applies to any action brought in this Court. In response,

the Claimant defends her count I *mandamus* action on the basis that the predicate "taking" allegations assert a continuing "taking" which is not and cannot be barred by any of the potentially applicable limitations provisions of our Act. Claimant also observes that the asserted five-year limitation period, under section 22(a) of our Act, applies to "claims arising out of contract," although she does not actually contend that that limitation is inapplicable here. Claimant does not articulate any defense of her count II declaratory judgment action, which requests a determination that the easement reverted to Claimant in 1982 and asserts a dispute between the parties as of 1983 (by virtue of Claimant's August 12, 1983 written notice to IDOT of the claimed 1982 reverter, *see* complaint, count II, paragraph 7).

We agree that count I, as pleaded, sufficiently alleges a continuing course of "taking" conduct by IDOT to survive the Respondent's statute of limitations argument, whether the five-year contract limitation of section 22(a) is applicable to this easement claim or whether the catch-all two-year limitation of section 22(g) is applicable (to "all other claims," if section 22(a) does not apply), at least at this pleading stage. As to count I, therefore, Respondent's motion *must be* denied without prejudice to renew it as applied to the facts adduced at trial.

As to count II, however, the Court is constrained to dismiss Claimant's declaratory judgment action on the alleged 1982 reverter and alleged 1983 dispute over that reverter issue which, as pleaded, is time-barred under either of the potential limitations periods under section 22 of our Act.

We understand that this result is seemingly harsh, in light of the ongoing litigation over this easement since at least 1986, when it appears that Claimant first sued IDOT in the circuit court. However, our statute's

limitations provisions are jurisdictional where applicable, and we cannot waive them. We intimate no opinion as to whether this issue can be repleaded or reformulated so as to survive the limitation, should she elect to try, but this dismissal is without prejudice to such repleading as may be filed to litigate her claimed rights to this property.

With respect to the harshness of this dismissal, we must note some of the history of this decade-long litigation. First, despite Claimant's representations, it is not clear from the appellate court's opinion in *Evans I* that the reverter issue was actually litigated in that case. The circuit court's order in *Evans I*, which recites a finding of *fact* that "[t]he reverter was automatic on failure either to use the premises or to cease using the strip for highway purposes," but did not make any declaration or order as to title, was at best ambiguous in this regard. *See*, paragraph 22, order of March 3, 1992, case no. 86-L-132, Circuit Court of Champaign County, Sixth Judicial Circuit, exhibit C to complaint.

Moreover, whether or not this issue was in fact litigated in the nugatory proceedings in *Evans I*, which extended from 1986 to 1992 in the circuit court and until September 9, 1993, in the appellate court when its opinion in *Evans I* was issued, is not the point. Rather than come immediately to this Court after the *Evans I* ruling on jurisdiction, the Claimant persisted in her *Evans II mandamus* action in the circuit court, which she had filed on June 23, 1993—after *Evans I* had been appealed by IDOT but well before the appellate court's decision. The Claimant then raised the reverter issue in her *amended* complaint in *Evans II* which she filed on December 13, 1993—after the appellate court's decision in *Evans I*. It was only after *Evans II* was also decided on jurisdictional grounds, by a different panel of the fourth district appellate court, that

Claimant finally filed a complaint in this Court. Even then, she delayed from November 8, 1994, when *Evans II* was handed down, until February 10, 1995, before filing essentially the same allegations in this Court.

Accordingly, *it is hereby ordered:*

1. Respondent's motion to dismiss is granted in part and denied in part, as follows;

2. Count I of the complaint is stricken, subject to a repleading in an amended complaint or by a supplemental pleading amendment to satisfy the requirements of Rule 790.50(a)(1) and, insofar as applicable, Rule 790.50(c), subject also to paragraph 3 of this order, and subject to the later renewal of Respondent's statute of limitations objection;

3. All claims based on a denial by the Respondent of access over the easement are dismissed with prejudice, for failure to exhaust administrative remedies;

4. Count II of the complaint is dismissed as time barred, without prejudice;

5. Count III of the complaint is dismissed with prejudice;

6. Claimant is granted leave to file an amended complaint (or if only count I is to be asserted, a supplemental amendment to count I, at Claimant's election) within 30 days after entry of this order;

7. This case is remanded to Commissioner Pacey with directions to modify the foregoing pleading date and/or the impending trial date as warranted in light of the parties' positions and any reasonable time requests they may make after entry of this order and in light of the extraordinary duration of this litigation.

## ORDER

RAUCCI, C.J.

This cause coming on to be heard on the stipulation of the parties dated the 10th day of November, 1998, the Court being fully advised in the premises, the Court finds:

The parties have filed a stipulation to dismiss this action, and providing that the Respondent Department of Transportation be ordered to "issue permits for not more than three points of access to and from Crumpecker-Evans Subdivision in or near the City of Champaign, Illinois to U.S. Route 45" and further providing for the performance of certain conditions before the issuance of the permits.

Because we have on previous occasions declined to hold that we have authority to issue what constitutes a mandatory injunction, we decline to order the Respondent to issue permits.

Based upon the representations contained in the stipulation, we shall dismiss the case, and if the Claimant is not satisfied that the Respondent has performed as stipulated, we shall vacate the dismissal upon filing of a motion within one year of the date of this order.

It is therefore ordered that this claim is dismissed, with leave to vacate the dismissal upon filing of a motion within one year of the date of this order.